## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

HANOVER INSURANCE COMPANY,    CIVIL ACTION
  Plaintiff

              No. 11-2375 c/w
VERSUS            14-1930, 14-1933

SUPERIOR LABOR SERVICES,    SECTION "E"
INC., ET AL.,
  Defendants

*Applies to:* **14-1933**

## ORDER AND REASONS

   Before the Court is Third-Party Defendant Gray Insurance Company's motion to dismiss the amended third-party claim against it.[1] For the reasons below, the motion is **GRANTED**.

### BACKGROUND

A. State-Court Lawsuits

   This is a consolidated action. The case originates from two personal-injury actions ("State-Court Lawsuits") filed in state court against Allied Shipyard, Inc. ("Allied"). The plaintiffs in the State-Court Lawsuits allege Allied negligently performed sandblasting activities, causing dangerous silica dust and other hazardous substances to permeate the plaintiffs' neighborhood.[2] The plaintiffs seek damages for physical pain and suffering, medical expenses, property damage, and other damages as a result of their exposure to the hazardous substances.[3]

---

[1] R. Doc. 130 (Third-Party Complaint); R. Doc. 169 (Amended Third Party Complaint); R. Doc. 174 (Motion to Dismiss).

[2] *See* R. Doc. 174-1 at 2; R. Doc. 1 at ¶¶ 11–12.

[3] *See* R. Doc. 1 at ¶¶ 11–12.

In both State-Court Lawsuits, Allied filed third-party demands against its contractors who performed the sandblasting jobs, including Masse Contracting, Inc. ("Masse")[4] and Superior Labor Services, Inc. ("Superior").[5] Specifically, Allied alleges that Masse contracted with Allied to perform certain job responsibilities and to indemnify Allied under a master work contract, and Allied seeks indemnity from Masse with respect to the claims in the State-Court Lawsuits.[6] Allied also alleges the right to additional assured status and coverage on all policies of insurance issued to Masse for any liability in the State-Court Lawsuits.[7] Allied also seeks indemnity from Superior and has alleged the right to additional assured status and coverage on all insurance policies issued to Superior for any liability in the State-Court Lawsuits.[8]

Masse alleges that, after Allied filed a third-party demand against Masse in the State-Court Lawsuits, many of the plaintiffs in the State-Court Lawsuits "have amended their Petition to name Masse as a direct Defendant."[9]

The contractors against which Allied brought third-party demands "in turn sought coverage, defense and/or indemnity from their various insurers for the periods of time when these jobs were allegedly performed, which prompted the insurers to file lawsuits in federal courts."[10]

---

[4] R. Doc. 174-1 at 2; R. Doc. 130 at ¶ 14.
[5] R. Doc. 1 at ¶¶ 14–17.
[6] R. Doc. 169 at ¶¶ 17–18.
[7] *Id.* at ¶ 19.
[8] No. 14-1930, R. Doc. 1 at ¶¶ 12–13.
[9] *Id.* at ¶¶ 14–18.
[10] R. Doc. 174-1 at 2.

B. <u>Declaratory Actions in Federal Court</u>

There are three federal actions related to the State-Court lawsuits pending in this Court. The Court consolidated the three cases on November 21, 2014.[11]

1. *No. 11-2375*

On September 21, 2011, Hanover Insurance Company ("Hanover") filed a complaint in this Court.[12] Hanover filed an amended complaint on September 27, 2012.[13] Hanover alleges it has been participating in the defense of Superior against Allied's third-party demands in the State-Court Lawsuits.[14] Hanover maintains the other insurers it names in its federal suit "are not participating in Superior's defense" in the State-Court Lawsuits.[15] Hanover seeks judgment against Superior declaring that it has no duty to defend or indemnify Superior in the State-Court Lawsuits.[16] If Hanover has a duty to defend or indemnify Superior, Hanover seeks declaratory judgment that State National Insurance Company ("State National"), Arch Insurance Company ("Arch"), and "other unidentified insurance companies collectively named as ABC Insurance Company" are liable "for their share of defense and indemnity to be paid on behalf of Superior" in the State-Court Lawsuits.[17] Hanover also seeks reimbursement, contribution, and/or damages from State National, Arch, and other unidentified insurance companies for defense costs already incurred by Hanover on behalf of Superior in the State-Court Lawsuits that, Hanover argues, should have been paid by those insurance companies.[18]

---

[11] *See* R. Doc. 108.
[12] *Hanover Ins. Co. v. Superior Labor Servs., Inc., et al.*, No. 11-2375.
[13] R. Doc. 69.
[14] *Id.* at ¶¶ 23–24.
[15] *Id.* at ¶ 26.
[16] *Id.* at 22–23.
[17] *Id.* at ¶ 2.
[18] *Id.* at ¶ 3.

On January 14, 2015, Hanover filed a second supplemental and amending complaint naming Allied as a defendant.[19] Hanover alleges that "Allied has tendered the [State-Court Lawsuits] to Hanover for defense and indemnity in its capacity as an alleged additional insured" under Superior's policies, and Hanover has offered to participate in Allied's defense in the State-Court Lawsuits subject to a full reservation of rights.[20] Hanover alleges that Allied is not an additional assured under Hanover's policies, and Hanover seeks judgment against Allied declaring that it has no duty to defend or indemnify Allied in the State-Court Lawsuits.[21] In the alternative, if the Court finds Hanover has a duty to defend or indemnify Allied, Hanover seeks judgment declaring that Arch, State National, other unidentified insurance companies are obligated to pay their portions of defense costs and/or indemnity incurred by Hanover on behalf of Superior and Allied in the State-Court Lawsuits.[22]

2. *No. 14-1930*

On August 22, 2014, Arch Insurance Company brought an action for declaratory judgment against Superior and Allied. Arch seeks a declaration of its rights and responsibilities under "certain insurance policies issued by Arch to Superior," with respect to Superior's request for defense and indemnity in the State-Court Lawsuits.[23] Arch also seeks a declaration of its rights and responsibilities with respect to Allied's request for additional assured status under the Superior policies and defense and indemnity of Allied in the State-Court Lawsuits.[24] Arch seeks a declaration against

---

[19] R. Doc. 125.
[20] *Id.* at ¶ 79.
[21] *Id.* at 9.
[22] *Id.*
[23] No. 14-1930, R. Doc. 1 at ¶ 3.
[24] *Id.* at ¶ 4.

Superior and Allied that Arch has no defense or indemnity obligation to Superior in the State-Court Lawsuits and that Allied is not an additional assured under the Superior policies.[25] Allied also seeks recovery of the portion of defense costs already incurred by Arch on behalf of Superior.[26]

   *3.   No. 14-1933*

On August 22, 2014, Arch also filed an action for declaratory judgment against Masse and Allied. Arch provided insurance coverage to Masse for November 15, 2005, to November 15, 2006, under policy number PML 0011399.[27] Arch seeks a declaration of the rights and responsibilities of Arch under "certain insurance policies issued by Arch to Masse," with respect to Masse's request for defense and indemnity in the State-Court Lawsuits.[28] Arch also seeks a declaration of its rights and responsibilities with respect to Allied's request for additional assured status under the Masse policies and defense and indemnity of Allied in the State-Court Lawsuits..[29] Arch seeks a declaration against Masse and Allied that Arch has no defense or indemnity obligation to Masse in the State-Court Lawsuits.[30]

   C.   <u>Masse's Third-Party Claims</u>

Masse filed a third-party complaint in No. 14-1933 on January 14, 2015, against several of its insurers from 1995 through 2008, including Gray Insurance Company ("Gray").[31] Masse filed an amended and supplemental third-party complaint on April 8,

---

[25] *Id.* at ¶¶ 21, 47.
[26] *Id.* at ¶ 47.
[27] R. Doc. 137 at 2.
[28] No. 14-1933, R. Doc. 1 at ¶ 3.
[29] *Id.* at ¶ 4.
[30] *Id.* at ¶ 46.
[31] R. Doc. 130 at ¶¶ 5–11.

2015, to name additional insurers.[32] The amended third-party complaint alleges that Gray provided insurance to Masse from 2002 until 2005 and thus has a duty to defend and/or indemnify Masse in the State-Court Lawsuits.[33] Masse seeks declaratory relief and a judgment against Gray and the other third-party defendant insurers "declaring that these Third Party Defendants have a duty to defend and an obligation to indemnify Masse in the [State-Court Lawsuits] and awarding all costs of these proceedings . . . ."[34]

D. Gray's Motion to Dismiss

Gray filed the instant motion to dismiss on May 13, 2015, under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.[35] Gray argues Masse's third-party demand is improper under Rule 14[36] and that the Court lacks independent and supplemental jurisdiction over Masse's claim against Gray.[37] The Court will treat the motion as a motion to strike pursuant to Rule 14(a)(4)[38] and need not address the other grounds of Gray's motion to dismiss.[39]

Masse filed a memorandum in opposition on July 7, 2015.[40] Gray filed a reply in support of its motion on July 15, 2015.[41]

---

[32] R. Doc. 169.
[33] *Id.* at ¶ 12.
[34] *Id.*at 7.
[35] R. Doc. 174.
[36] R. Doc. 174-1 at 6–9.
[37] *Id.* at 9–13.
[38] Rule 14(a)(4) states, "Any party may move to strike the third-party claim, to sever it, or to try it separately." FED. R. CIV. P. 14(a)(4). *See Morris ex rel. Estate of Morris v. Trust Co. of Va.*, No. 12-1020, 2014 WL 4826829, at *4 n.11 (M.D. Ala. Sept. 26, 2014).
[39] The Court notes that Gray is a Louisiana corporation, as is Masse. No independent basis for jurisdiction exists. The Court lacks supplemental jurisdiction over Masse's third-party claims, as Arch's claim against Masse and Masse's third-party claim against Gray are not "so related . . . [such] that they form part of the same case or controversy." 28 U.S.C. § 1367(a). *See also Martin v. Fid. Nat. Title Ins. Co.*, No. 09-4195, 2011 WL 4478432, at *3 (E.D. La. Sept. 26, 2011).
[40] R. Doc. 214.
[41] R. Doc. 219.

## STANDARD OF LAW

A motion to strike, sever, or try separately a third-party claim requires a determination of whether the third-party claim is proper under Rule 14.[42] Rule 14 provides, "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."[43] A defending party may, but is not required to, file a third-party claim.[44] "Liability of the third party must be 'dependent' or 'in some way derivative' of the outcome of the main claim."[45] Thus, "the third party must necessarily be liable over to the defendant for all or part of the plaintiff's recovery or . . . the defendant must attempt to pass on to the third party all or part of the liability asserted against the defendant."[46]

## DISCUSSION

Gray argues that Rule 14 does not authorize Masse's third-party claim against it because Gray's potential liability to Masse is not dependent on the outcome of Arch's claim against Masse and Gray cannot be liable to Masse for any part of Arch's claim.[47]

Rule 14 aims to promote efficiency and reduce litigation "by having one lawsuit do the work of two."[48] The Fifth Circuit has explained, however, that "[a]n entirely separate and independent claim cannot be maintained against a third party under Rule

---

[42] FED. R. CIV. P. 14(a)(4). *See United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749 (5th Cir. 1967); *U.S. ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 265 F.R.D. 266, 272–73 (E.D. La. 2010).

[43] FED. R. CIV. P. 14(a)(I).

[44] *Id.* ("A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."). *See also Branch Consultants*, 265 F.R.D. at 272.

[45] *Id. See also Joe Grasso*, 380 F.2d at 750–52 ("The question whether a defendant's demand presents an appropriate occasion for the use of impleader or else constitutes a separate claim has been resolved consistently by permitting impleader only in cases where the third party's liability was in some way derivative of the outcome of the main claim. . . . [I]t is clear that impleader under Rule 14 requires that the liability of the third party be dependent upon the outcome of the main claim."); *Se. Mortgage Co. v. Mullins*, 514 F.2d 747, 749 (5th Cir. 1975).

[46] *Joe Grasso*, 380 F.2d at 751 (citations omitted).

[47] R. Doc. 174-1 at 6–9.

[48] *Mullins*, 514 F.2d at 749 (citations omitted) (internal quotation marks omitted).

14, even though it does rise out of the same general set of facts as the main claim."[49] "[T]he procedural device of impleader may *only* be used when the third party defendant's potential liability is dependent upon the outcome of the main claim."[50] Impleader cannot be used "as a vehicle for the trying together of separate and distinct causes of action, or for the introduction, into the main action, of several parallel, but independent, actions, or separate and independent claims."[51] Thus, to be permissible under Rule 14, Masse's third-party claim against Gray must be dependent on or derivative of the claim Plaintiff Arch brings against Masse.[52]

The third-party complaint alleges, "Gray provided insurance to Masse from November 15, 2002 to November 15, 2005 under policy number GL072824. Gray has a duty to defend and/or indemnify Masse in the Underlying Lawsuit[s]."[53] The "Underlying Lawsuit[s]" Masse identifies in its complaint are the State-Court Lawsuits discussed above and not the federal lawsuit brought by Arch against Masse.[54]

Masse contends that its third-party demand against Gray should be allowed to proceed because Gray may be liable for all or part of Arch's claims against Masse. Masse explains as follows:

> If Arch is successful in its declaratory action against Masse, and the Court determines that Allied is not an additional assured under Masse's insurance policy through Arch, then Allied will seek indemnity and defense directly from Masse based upon alleged contractual indemnity. The purported Master Work Contract between Masse and Allied is unenforceable and against public policy. Therefore, Allied's sole source for recovery of defense and indemnity costs is its insurer Gray Insurance Company. Since Gray may be liable for all or part of Allied's claim for

---

[49] *Id.* (citing *Joe Grasso*, 380 F.2d at 751).
[50] *Am. Express Travel Related Servs. Co. v. Beaumont*, No. 01-1869, 2002 WL 31298867, at *2 (N.D. Tex. Oct. 9, 2002) (quoting *Mullins*, 514 F.2d at 749) (emphasis added).
[51] *Majors v. Am. Nat. Bank of Huntsville*, 426 F.2d 566, 568 (5th Cir. 1970) (internal quotation marks omitted).
[52] *When a Third-Party Action Is Proper*, 6 FED. PRAC. & PROC. CIV. § 1446 (3d ed. 2010).
[53] R. Doc. 169 at ¶ 12.
[54] *See id.* at ¶¶ 14–20.

defense and indemnity, which is the subject of Arch's claims against Masse, Gray Insurance Company is a proper third party defendant in this matter.[55]

In response, Gray notes that, if Arch is successful in its claim against Masse, Arch will have no duty to defend or indemnify Masse in the State-Court Lawsuits.[56] Gray argues, "If there is no [insurance] coverage, then Arch owes no obligations or duties to Masse; likewise, Masse would owe no obligations or duties to Arch. If that is the case, then Gray cannot be liable to Masse because Masse will not be seeking to pass on to Gray any liability it owes to Arch."[57] Gray also argues that, even assuming "Allied's sole source of recovery of defense and indemnity costs is its insurer Gray Insurance Company," as Masse argues,[58] Masse still has not satisfied Rule 14 and shown that Gray would be liable to Masse for all or part of Arch's claim against it.[59]

The Court finds that Masse's third-party claim against Gray is not derivative of or dependent on Arch's claim against Masse. Arch's policy and Gray's policy are independent and distinct policies.[60] In its third-party demand, Masse seeks declaratory relief and judgment declaring that Gray and the other third-party defendants "have a duty to defend and an obligation to indemnify Masse in the Underlying Lawsuits (the State-Court Lawsuits) and awarding all costs of these proceedings . . . ."[61] Arch, however, seeks declaratory relief and judgment against Masse declaring that Arch has no duty to defend or indemnify Masse in the State-Court Lawsuits.[62] Arch's claim against Masse is based on

---

[55] R. Doc. 214 at 8.
[56] R. Doc. 219 at 4.
[57] *Id.*
[58] R. Doc. 214 at 8.
[59] R. Doc. 219 at 4–5.
[60] The policies don't even cover the same time period. *Compare* R. Doc. 169 at ¶ 12 *with* R. Doc. 253 at 6–7 *and* R. Doc. 137 at 2.
[61] R. Doc. 169 at 7.
[62] No. 14-1933, R. Doc. 1 at 13–19.

the policy of liability insurance Arch issued to Masse,[63]  whereas Masse's claim against Gray is based the policy Gray issued to Masse.[64]

If Arch succeeds in its claim against Masse, Masse will not owe Arch anything; rather, Arch will be awarded declaratory judgment acknowledging that Arch owes no duty to defend or indemnify Masse in the State-Court Lawsuits.[65] Masse will have no liability to pass on to Gray; Gray thus cannot be secondarily liable to Masse for Arch's claim against Masse under that scenario.[66] If Arch does not succeed in its claim against Masse and the Court determines Arch has a duty to defend or indemnify Masse in the State-Court Lawsuits, Gray still will not be secondarily liable to Masse for Arch's claims. Clearly, the outcome of Arch's claim against Masse has no bearing on whether Gray has a duty to indemnify or defend Masse in the State-Court Lawsuits. It is true that both Arch's claim against Masse and Masse's third-party claim against Gray arise from some of the same underlying facts, namely, the State-Court Lawsuits, but Masse's third-party claim against Gray does not depend on or derive from Arch's claim against Masse in any way. "It is not enough that the suit between [the defendant/third-party plaintiff] and the third-party defendants would somehow be related to the suit between [the plaintiff] and [the defendant/third-party plaintiff]."[67] Because "an entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it does arise out

---

[63] *See id.* at ¶¶ 3, 15

[64] R. Doc. 169 at 5–7.

[65] *See id.*

[66] *Evert v. Finn*, No. 98-3293, 1999 WL 397401, at *2 (E.D. La. June 15, 1999) ("The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against defendant by the original plaintiff."); *When a Third-Party Action is Proper*, 6 FED. PRAC. & PROC. CIV. § 1446 (same).

[67] *Branch Consultants*, 265 F.R.D. at 273.

of the same general set of facts as the main claim,"[68] Masse's third-party claim is improper under Rule 14.

Masse argues Gray "completely fails to address" the factors courts have applied when deciding whether to allow impleader.[69] Several courts have enumerated factors to consider when determining whether to allow a third-party complaint: (1) the prejudice placed on the other parties; (2) undue delay caused by adding the third-party plaintiff; (3) lack of substance to the third-party claim; and (4) whether the third-party claim advances the purposes of Rule 14, such as avoiding duplicative suits on closely related issues.[70] The Court need not address these factors, however, because the Court finds Masse's third-party claims are procedurally improper under Rule 14(a). "The court's discretion may be exercised *only* when the proposed third-party claim is within the scope of impleader established by Rule 14(a)."[71]

Masse argues that "many courts have permitted third-party claims to proceed in declaratory judgment actions despite a lack of derivative liability."[72] Masse cites several cases in which, Masse argues, the court applies a "declaratory judgment exception" to

---

[68] *Joe Grasso*, 380 F.2d at 751. *See also Martin v. Lafon Nursing Facility of the Holy Family, Inc.*, No. 06-5108, 2007 WL 4163678, at *2 (E.D. La. Nov. 20, 2007) ("Impleader is . . . only permitted in those cases in which a third party is derivatively or secondarily liable to the defendant, i.e., 'the third party's liability [is] in some way derivative of the outcome of the main claim.'" (quoting *Joe Grasso*, 380 F.2d at 751)); *When a Third-Party Action Is Proper*, 6 FED. PRAC. & PROC. CIV. § 1446 ("The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough."); *Vinmar Overseas, Ltd. v. OceanConnect, LLC*, No. 11-4311, 2012 WL 5989206, at *4 (S.D. Tex. Nov. 29, 2012) ("The secondary or derivative liability notion is central to impleader. . . . Impleader is proper only when the third-party defendant's potential liability is dependent upon the outcome of the main claim." (citations omitted) (internal quotation marks omitted)); *Martco Ltd. P'ship v. Bruks Inc.*, 430 F. App'x 332, 334–35 (5th Cir. 2011) (per curiam).

[69] R. Doc. 214 at 6.

[70] *Cedar Ridge, LLC v. Landmark Am. Ins. Co.*, No. 13-672, 2014 WL 68792, at *2 (E.D. La. Jan. 8, 2014); *Vinmar*, 2012 WL 5989206, at *3; *Briones v. Smith Dairy Queens, Ltd.*, No. 08-48, 2008 WL 4200931, at *2 (S.D. Tex. Sept. 9, 2008).

[71] *Vinmar*, 2012 WL 5989206, at *3 (emphasis added). *See also McCain v. Clearview Dodge Sales, Inc.*, 574 F.2d 848, 849–50 (5th Cir. 1978) (per curiam) ("[A] third-party complaint is not proper under Rule 14 if the defendant cannot show a basis for the third-party defendant's liability to the defendant.").

[72] R. Doc. 214 at 6.

Rule 14.[73] The Court does not agree that a declaratory-judgment exception to Rule 14 exists and, in any event, finds the cases cited by Masse to be distinguishable from the matter before it.[74]

Masse cites *Old Republic Insurance Company v. Concast, Inc.*, a case in which the Southern District of New York relied in part on the Fifth Circuit's decision in *American Fidelity and Casualty Company v. Greyhound Corporation*.[75] In *American Fidelity*, the Fifth Circuit concluded that the district court did not abuse its discretion in allowing a third-party complaint in a declaratory judgment action.[76] The Fifth Circuit explained that while there were distinctly separate questions involved in the main claim and the third-party claim, the underlying issues in both "turn[ed] on substantially the same facts" and "were so closely intertwined that consistent results probably depended upon their being decided at one time."[77] The Fifth Circuit did not adopt a "declaratory judgment exception" as Masse implies in its opposition.[78] Instead, the Fifth Circuit affirmed the district court's determination that the third-party demand fit within the scope of Rule 14 given the similarity between the facts and issues underlying the main claim and the third-party claim. In the case now before this Court, the main claim and the third-party claims do not turn on "substantially the same facts," and consistent results will not depend on their being decided simultaneously. Assessing both claims will require independent review of Arch's insurance policy and Gray's insurance policy—two separate

---

[73] *Id.* at 6–7.
[74] For example, in the first case Masse cites to support its contention that courts apply a "declaratory judgment action exception," the court refused to allow impleader because the court determined that the third-party plaintiff sought to implead a separate insurance company that issued a different type of policy as that involved in the main claim. *Nat'l Fire Ins. Co. of Hartford v. Nat'l Cable Television Coop., Inc.*, No. 10-2532, 2011 WL 1430331, at *2 (D. Kan. Apr. 14, 2011).
[75] *Old Republic Ins. Co. v. Concast, Inc.*, 99 F.R.D. 566, 568–69 (S.D.N.Y. 1983).
[76] *Am. Fid. & Cas. Co. v. Greyhound Corp.*, 232 F.2d 89, 92 (5th Cir. 1956).
[77] *Id.*
[78] *See* R. Doc. 214 at 7–8.

policies issued by two different insurers covering two different time periods. The evidence required to prove Arch's claim against Masse and the evidence required to prove Masse's third-party claim against Gray are distinct. The result in one analysis will not affect the result in the other.[79]

## CONCLUSION

In light of the Court's analysis above, the Court strikes Masse's third-party demand against Gray from the amended third-party complaint,[80] as Masse's claim against Gray is not derivative of or dependent on Arch's claim against Masse.

Accordingly;

**IT IS ORDERED** that Gray's motion to strike is **GRANTED**. That portion of Masse's amended third-party demand asserting a claim against Gray is **STRICKEN** and the third-party demand against Gray is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Masse has until **Thursday, March 24, 2016**, at **5:00 p.m.** to file a memorandum stating why the additional third-party

---

[79] In *Joe Grasso*, the Fifth Circuit affirmed the district court's dismissal of the defendant's third-party complaint. The court also suggested in dicta that there is a circumstance that might fit within the scope of Rule 14 but is different from the "usual situation where impleader is used, i.e., where the third impleader is secondarily liable for the judgment against the original defendant." *Joe Grasso*, 380 F.2d at 752. In *Joe Grasso*, the plaintiffs were boat owners who brought suit against the United States for a refund of employment taxes they paid on a group of crewmembers. *Id.* at 750. The United States brought a third-party complaint against the boat captains who could be alternatively liable for the taxes on the same group of crewmembers. *Id.* The Fifth Circuit affirmed dismissal but noted that, "in order for the government to be able to implead the captains as third party defendants in this tax refund suit, it must appear that the liability of the two taxpayers is an either/or proposition as a result of the law or the facts." *Id.* at 752. The Fifth Circuit found that the United States failed to show that the tax liability "necessarily will fall upon either [the boatowners] or the captains." *Id.* The court concluded that, although "allowing impleader of the captains would expedite administratively the entire controversy," the third-party complaint against the captains was "a separate claim for taxes, and as such must be denied." *Id.* The instant case is not like the situation discussed in dicta by the Fifth Circuit in *Joe Grasso*. The determination of whether one insurer or another owes Masse a duty to indemnify or defend it in the State-Court Lawsuits is not "an either/or proposition" between Plaintiff Arch and Third-Party Defendant Gray. *Id.* Like the third-party claim in *Joe Grasso*, Masse's third-party claims are separate and distinct from Arch's claim against Masse. The third-party claim against Gray may not be brought under Rule 14.
[80] R. Doc. 169.

demands made against the remaining third-party defendants[81] should not be stricken and dismissed without prejudice for failure to comply with Rule 14.

**New Orleans, Louisiana, this 21st day of March, 2016.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[81] *See* R. Doc. 169.