UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HANOVER INSURANCE COMPANY,**<br>      **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-2375 c/w 14-1930**<br>          **14-1933, 16-2490** |
| **SUPERIOR LABOR SERVICES,**<br>**INC., ET AL.,**<br>      **Defendants** | **SECTION "E"** |

*Applies to: All Cases*

### ORDER AND REASONS

Before the Court is Defendant State National Insurance Company's ("SNIC") Motion for Reconsideration.[1] The motion for reconsideration is opposed.[2] On December 1, 2015, SNIC filed four motions for summary judgment, seeking a determination that SNIC does not owe a defense to Superior, Masse, or Allied in the *Adams* and *St. Pierre* lawsuits.[3] On April 8, 2016, the Court denied two of these motions—those seeking a judgment that SNIC owed no defense to Superior, Masse, or Allied in the *St. Pierre* lawsuit.[4] In SNIC's motion, it asks the Court to reconsider two of its rulings under Rule 59(e) of the Federal Rules of Civil Procedure.

A motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and

---

[1] R. Doc. 357.
[2] R. Doc. 374.
[3] R. Docs. 242, 243, 244, 245.
[4] R. Doc. 347.

should, have been made before the judgment issued."[5] A motion for reconsideration, however, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[6] "The Court is mindful that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'"[7] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[8]

In deciding motions under the Rule 59(e) standards, the courts in this district have considered the following factors:

(1)  whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;

(2)  whether the movant presents new evidence;

(3)  whether the motion is necessary in order to prevent manifest injustice; and

(4)  whether the motion is justified by an intervening change in the controlling law.[9]

In support of its motion for reconsideration, SNIC argues that reconsideration of the Court's order is necessary to correct manifest errors of law.

---

[5] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted) (internal quotation marks omitted).
[6] *Lacoste v. Pilgrim Int'l*, No. 07-2904, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (Vance, J.) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).
[7] *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (alteration in original) (quoting *Templet,* 367 F.3d at 479).
[8] *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, at *3 (E.D. La. Mar. 5, 2012) (Brown, J.).
[9] *Castrillo*, 2010 WL 1424398, at *4. The Court notes that the time limits of Rule 59 do not apply in this matter because the order appealed is interlocutory. Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.*, 33 F. App'x 704 (5th Cir. 2002); *Lightfoot*, 2012 WL 711842, at *2.

I. **Do the Silica or Silica-Related Dust Exclusions Unambiguously Exclude Coverage?**

SNIC contends that an error of law was committed with respect to the Court's refusal to apply the Silica or Silica-Related Dust Exclusion in the *St. Pierre*.[10] This Court found that it is not unambiguously clear that silica or silica-related dust caused the *St. Pierre* plaintiffs' injuries in whole or in part, so the silica exclusion in the policies did not bar coverage.[11]

Louisiana courts apply the "eight-corners rule" to determine whether a liability insurer has the duty to defend a civil action against its insured; courts look to the "four corners" of the plaintiff's petition in the civil action and the "four corners" of the insurance policy to determine whether the insurer owes its insured a duty to defend.[12] The duty to defend "arises whenever the pleadings against the insured disclose even a possibility of liability under the policy."[13] The insurer has a duty to defend unless the allegations in the petition for damages, as applied to the policy, unambiguously preclude coverage.[14] "Once a complaint states one claim within the policy's coverage, the insurer has a duty to accept defense of the entire lawsuit, even though other claims in the complaint fall outside the policy's coverage."[15]

When a party files a motion for summary judgment regarding the duty to defend, the Court may consider only the plaintiff's petition and the face of the policies; the parties

---

[10] R. Doc. 357-1 at 3.
[11] R. Doc. 347 at 35.
[12] *Mossy*, 898 So. 2d at 606.
[13] *Steptore v. Masco Const. Co.*, 93-2064 (La. 8/18/94), 643 So. 2d 1213, 1218. *See also United Nat'l Ins. Co. v. Paul and Mar's Inc.*, No. 10-799, 2010 WL 2690615, at *2 (E.D. La. July 11, 2011).
[14] *Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 872 (5th Cir. 2009).
[15] *Treadway v. Vaughn*, 633 So. 2d 626, 628 (La. Ct. App. 1993), *writ denied*, 635 So. 2d 233 (La. 1994).

cannot present any evidence such as affidavits or depositions.[16] Any ambiguities within the policy are resolved in favor of the insured to effect, not deny, coverage.[17]

The silica or silica-related dust exclusion contained in the Masse policies and the Superior policies precludes coverage for bodily injury "arising, in whole or in part, out of the actual, alleged, threatened, or suspected inhalation of, or ingestion of, 'silica' or 'silica-related dust'" and for property damage "arising, in whole or in part, out of the actual, alleged, threatened, or suspected contact with, exposure to, existence of, or presence of, 'silica' or 'silica-related dust.'"[18]

In paragraph IV of their petition for damages, the *St. Pierre* plaintiffs alleged the operations of Allied resulted in the release of "hazardous substances, including, but not limited to, paint, sand and silica."[19] The petition further alleged in paragraph VI that the cause of the plaintiffs' injuries was the breach of Allied's duty of care when it negligently released "hazardous substances" into the environment.[20] The Plaintiffs do not allege in paragraph VI that silica caused their injuries. The Court has already considered the plaintiffs' petition and found it is not *unambiguously* clear that silica or silica-related dust caused the *St. Pierre* plaintiffs' damages in whole or in part. Denial of Allied's motion for summary judgment on this matter was appropriate and the Court committed no error of law.

---

[16] *Milano v. Bd. of Comm'rs of Orleans Levee Dist.*, 96-1368 (La. App. 4 Cir. 3/26/97), 691 So. 2d 1311, 1314.
[17] *Doerr v. Mobil Oil Corp.*, 2000-0947 (La. 12/19/00), 774 So. 2d 119, 124. Hanover argues that "neither Allied nor Masse can sustain their burden of establishing" that the state-court plaintiffs' bodily injuries or property damage occurred during Hanover's policy periods. R. Doc. 228-1 at 11. This, however, is not the correct standard for motions for summary judgment on the duty to defend.
[18] R. Docs. 242-4 at 28, 242-6 at 21 (Masse policies); R. Docs. 244-4 at 26, 244-6 at 27 (Superior policies).
[19] R. Doc. 243-7 at 2.
[20] *Id.* at 3.

4

**II.   Do SNIC Policies Apply Because the Injury or Damage First Took Place Before the Policy Period?**

SNIC also contends the Court committed an error of law in its application of the exposure theory to determine whether the plaintiffs' injuries were caused by an occurrence during the policy period. SNIC essentially re-asserts its argument made in support of its motions for summary judgment that the policies it issued to Masse and Superior "were not the policies on the risk at the time of the first injurious exposure, [and] therefore the [State National] policies do not provide coverage" to Masse and Superior in *St. Pierre*.[21]

The Court considered the language of the "Deemer Clause" contained in the policies, which states that any property damage or bodily injury "arising from, caused by or contributed to by, or in consequence of an occurrence shall be deemed to take place at the time of the first such damage, . . . even though the occurrence causing such [b]odily [i]njury or [p]roperty [d]amage may be continuous or repeated exposure to substantially the same general harm."[22] The Court found it is not unambiguously clear when the bodily injury or property damage first took place.[23]

SNIC points to *Arceneaux v. Amstar Corp.*, a recent Louisiana Supreme Court case, in support of its contention that "an insurer's duty to defend a long-latency lawsuit is based upon whether exposure to harmful conditions is alleged during the policy period—not whether bodily injury or property damage manifests during the policy period."[24] SNIC hinges its argument with respect to the applicability of the exposure theory primarily on the following statement in *Arceneaux*: "Under the exposure theory,

---

[21] R. Doc. 243-1 at 9; R. Doc. 245-1 at 8–9.
[22] R. Docs. 242-4 at 3, 242-5 at 21 (Masse policies); R. Docs. 244-4 at 3, 244-6 at 3 (Superior policies).
[23] R. Doc. 347 at 7.
[24] R. Doc. 383 at 2.

the 'occurrence' that triggers coverage under an insurance policy is the plaintiff's exposure to harmful conditions within the policy period."[25] SNIC's reliance on *Arceneaux*, however, is misplaced. The Louisiana Supreme Court in *Arceneaux* dealt with the issue of whether a general liability insurer's duty to defend should be subject to the pro rata allocation method as opposed to the joint and several allocation method.[26] This issue is distinguishable from the issue before this Court. This Court was tasked with interpreting the terms of the insurance policy to determine whether recovery was unambiguously excluded by the policies' terms, not determining the allocation of defense costs.

The plain language of SNIC's policies states that all property damage or bodily injury is "deemed to take place at the time of the first *such damage*."[27] Upon review of the *St. Pierre* plaintiffs' petition, it is not unambiguously clear that "such damage" occurred before the policy periods. Therefore, this Court committed no error of law in determining that the plain language of the Deemer Clause requires only that the injury or damages—not the exposure—first take place during the policy period.[28]

**IT IS ORDERED** that State National Insurance Company's motion[29] is **DENIED**.

New Orleans, Louisiana, this 27th day of October, 2016.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[25] *Arceneaux v. Amstar Corp.*, No. 15-0588, 2016 WL 4699163, at *3 (La. Sept. 7, 2016) (citing *Cole v. Celotex Corp.*, 599 So. 2d 1058, 1076 (La. 1992)).
[26] *Arceneaux*, 2016 WL 4699163, at *3–4.
[27] R. Docs. 242-4 at 3, 242-5 at 21 (Masse policies); R. Docs. 244-4 at 3, 244-6 at 3 (Superior policies).
[28] R. Docs. 242-4 at 3, 242-5 at 21 (Masse policies); R. Docs. 244-4 at 3, 244-6 at 3 (Superior policies).
[29] R. Doc. 357.