UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HANOVER INSURANCE COMPANY,**<br>  Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **No. 11-2375 c/w 14-1930**<br>  **14-1933, 16-2490** |
| **SUPERIOR LABOR SERVICES,**<br>**INC., ET AL.,**<br>  Defendants | **SECTION "E"** |

*Applies to:  All Cases*

## ORDER AND REASONS

Before the Court is Defendant Allied Shipyard, Inc.'s ("Allied") Motion to Strike[1] Great American E & S Insurance Co.'s ("Great American") Amended Complaint.[2] The motion is opposed.[3]

Great American filed its initial complaint with this Court on March 25, 2016 seeking declaratory relief.[4] On August 10, 2016, the Court consolidated Great American's action for declaratory relief with the Arch and Hanover matters.[5] Great American filed its Amended Complaint on August 26, 2016 in the consolidated matter.[6] Allied moves to strike Great American's amended complaint, arguing Great American failed to seek leave of court and did not make a showing of good cause to amend its complaint, both in violation of Federal Rules of Civil Procedure 15 and 16.[7]

---

[1] R. Doc. 376.
[2] R. Doc. 371.
[3] R. Doc. 387.
[4] R. Doc. 1, *Great Insurance E & S Ins. Co. v. Masse Contracting, et al.*, No. 16-2490.
[5] R. Doc. 368. All cases were consolidated with Civil Action Case Number 11-2375.
[6] R. Doc. 371.
[7] R. Doc. 376.

1

With respect to amendments of pleadings before trial, Rule 15(a) states "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Otherwise, a party seeking to amend its pleading must seek leave of court.[8]

First, Allied argues Great American's filing of its Amended Complaint violates the Court's Rule 16 scheduling order filed in the consolidated actions. The most recent order from the Court with respect to the deadline to amend pleadings in the consolidated cases was filed on December 19, 2014 and set the deadline to amend pleadings for January 12, 2015.[9] Both of these dates are more than a year before Great American entered this lawsuit.[10] It is illogical to require a party to adhere to deadlines that had lapsed before it entered the lawsuit.

Second, Great American filed its amended complaint more than 21 days after it filed its initial complaint, but because no responsive pleadings to the initial complaint had been filed, Great American had the right to amend its complaint without leave of court.[11] Furthermore, the Court has the discretion to allow a party to amend its pleadings when justice so requires.[12] No answer or other response has been filed by any of the named defendants in Great American's action. Great American has demonstrated good cause to amend its pleadings, as the amendment adds defendants to Great American's declaratory

---

[8] FED. R. CIV. P. 15(a)(2).
[9] R. Doc. 112.
[10] Great American filed its initial complaint on March 26, 2016 in Civil Action Number 16-2490. That case was not consolidated with the instant case until August 10, 2016. R. Doc. 368.
[11] *See id.* at 15(a)(1)(B).
[12] *Id.* at 15(a)(2).

judgment action in light of state court incidental demands filed by Masse Contracting, Inc., Allied, and Gray Insurance Company.[13]

Accordingly;

**IT IS ORDERED** that Allied Shipyard Inc.'s Motion to Strike[14] is **DENIED**.

**New Orleans, Louisiana, this 26th day of October, 2016.**

*[signature: Susie Morgan]*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[13] R. Doc. 387.
[14] R. Doc. 376.