## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**HANOVER INSURANCE COMPANY,**      **CIVIL ACTION**
    **Plaintiff**

    **No. 11-2375 c/w**
**VERSUS**     **14-1930, 14-1933,**
    **16-2490**

**SUPERIOR LABOR SERVICES,**     **SECTION "E"**
**INC., ET AL.,**
    **Defendants**

*Applies to:  All cases*

## ORDER AND REASONS

Before the Court is a motion to stay filed by Allied Shipyard, Inc.[1] The motion is opposed.[2] For the reasons set forth below, Allied's motion is **DENIED**.

Allied argues the Court cannot rule on its insurers' duty to indemnify until after the conclusion of the underlying state court proceedings, and the declaratory judgment actions in their entireties should be stayed.[3] State National, Arch, Hanover, Clarendon, and Lloyd's London contend the duty to indemnify is justiciable and the actions should not be stayed.

The Declaratory Judgment Act[4] gives district courts broad discretion to abstain from hearing federal declaratory judgment actions while pending state court proceedings

---

[1] R. Docs. 375.
[2] R. Doc. 386 (State National Insurance Company); R. Doc. 388 (Arch Insurance Company); R. Doc. 390 (Hanover Insurance Company); R. Doc. 393 (Clarendon National Insurance Company); R. Doc. 394 (Certain Underwriters at Lloyd's, London).
[3] R. Doc. 375-1 at 1.
[4] The Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction . . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

1

involve related facts or issues between the same parties. This principle was first announced in *Brillhart v. Excess Insurance Company of America*.[5]  In *Wilton v. Seven Falls Co.*, the U.S. Supreme Court clarified that a district court's decision to decide or dismiss a declaratory judgment action is discretionary.[6] There are three overarching considerations in the Supreme Court's analysis in *Brillhart*: federalism, fairness, and efficiency.[7] "Despite the circuits' different expressions of the *Brillhart* factors, each circuit's formulation addresses the same three aspects of the analysis."[8]

In the Fifth Circuit, a district court must consider the seven non-exclusive *Trejo* factors when determining if it will decline to exercise its discretion to hear a declaratory judgment action.  These factors include:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
>
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
>
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
>
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
>
> (5) whether the federal court is a convenient forum for the parties and witnesses;
>
> (6) whether retaining the lawsuit would serve the purposes of judicial economy; and

28 U.S.C. 2201(a).  The Declaratory Judgment Act "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)).

[5] *See Brillhart*, 316 U.S. 491, 495 (1942) ("[I]t would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by a federal law, between the same parties.").

[6] 515 U.S. 277, 289–90 (1995) ("In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.").

[7] *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 390 (5th Cir. 2003).

[8] *Id.*

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.[9]

In each of its rulings on motions for summary judgment in this action, this Court has analyzed the *Trejo* factors, finding the factors weighed in favor of exercising jurisdiction to decide the question of an insurer's duty to defend.[10]

Allied, however, argues the question of each insurer's duty to indemnify is distinguishable from its duty to defend. The Court agrees. Under Louisiana law, an insurer's duty to defend is broader than its obligation to indemnify for damage claims.[11] Louisiana courts apply the "eight-corners rule" to determine whether a liability insurer has the duty to defend a civil action against its insured; courts look to the "four corners" of the plaintiff's petition in the civil action and the "four corners" of the insurance policy to determine whether the insurer owes its insured a duty to defend.[12] The duty to defend "arises whenever the pleadings against the insured disclose even a possibility of liability under the policy."[13] The insurer has a duty to defend unless the allegations in the petition for damages, as applied to the policy, unambiguously preclude coverage.[14]

---

[9] *Sherwin-Williams*, 343 F.3d at 388 (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir. 1994)); *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 390 (5th Cir. 2001) ("The seven *Trejo* factors . . . must be considered on the record before a discretionary, nonmerits dismissal of a declaratory judgment action occurs." (emphasis in original)); *see also RLI Ins. Co. v. Wainoco Oil & Gas Co.*, 131 F. App'x 970 (5th Cir. 2005).

[10] *See* R. Docs. 341, 342, 347, 418.

[11] *Henly v. Phillips Abita Lumber Co.*, 2006-1856 (La. App. 1 Cir. 10/3/07), 971 So. 2d 1104, 1109.

[12] *Mossy*, 898 So. 2d at 606.

[13] *Steptore v. Masco Const. Co.*, 93-2064 (La. 8/18/94), 643 So. 2d 1213, 1218. *See also United Nat'l Ins. Co. v. Paul and Mar's Inc.*, No. 10-799, 2010 WL 2690615, at *2 (E.D. La. July 11, 2011).

[14] *Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 872 (5th Cir. 2009).

An insurer's duty to indemnify, however, generally cannot be determined until after the underlying suit has been resolved and the insurer is found liable.[15] The duty to indemnify is "triggered by actual facts that establish liability in the underlying lawsuit."[16] The exception to this general rule is that the duty to indemnify is justiciable before the insurer's liability is determined if "the insurer has no duty to defend and the same reasons that negate the duty to defend will likewise negate any possibility the insurer will ever have a duty to indemnify."[17]

The Court has found that Hanover and Arch have a duty to defend Masse and Superior as insureds and to defend Allied as an additional insured in the *Adams* and *St. Pierre* lawsuits.[18] The Court also has found that State National owes a duty to defend Masse and Superior as insureds and to defend Allied as an additional insured in the *St. Pierre* lawsuit.[19] As a result, the limited exception to the general rule does not apply. Because liability in the underlying cases has not yet been determined, the Court cannot determine whether Masse and Superior as insureds or Allied as an additional insured have a right to indemnity.[20]

---

[15] *Allstate Ins. Co. v. Emp. Liab. Assurance Corp.*, 445 F.2d 1278, 1281 (5th Cir. 1971); *see also Corgeis Ins. Co. v. Sch. Bd. of Allen Parish*, No. 07-30844, 2008 WL 2325632, at *2–3 (5th Cir. June 6, 2008) ("[A]fter the district court concludes that the insurer has a duty to defend, the indemnity issue is nonjusticiable pending resolution of the liability suit."). Unlike the duty to defend, the duty to indemnify "is triggered by the actual facts that establish liability in the underlying lawsuit. *Guar. Nat'l Ins. Co. v. Azrock Indus. Inc.*, 211 F.3d 239, 243 (5th Cir. 2000), overruled on other grounds as recognized by *OneBeacon Ins. Co. v. Don's Bldg. Supply Inc.*, 553 F.3d 901, 903 (5th Cir. 2008) (per curiam).

[16] *Guar. Nat'l Ins. Co. v. Azrock Indus. Inc.*, 211 F.3d 239, 243 (5th Cir. 2000), overruled on other grounds as recognized by *OneBeacon Ins. Co. v. Don's Bldg. Supply Inc.*, 553 F.3d 901, 903 (5th Cir. 2008) (per curiam).

[17] *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 529 (5th Cir. 2004); *Med. Protective Co. v. Turner*, No. 15-0366, 2015 WL 3631701, at *4 (N.D. Tex. June 10, 2015).

[18] *See* R. Docs. 341, 342, 418.

[19] *See* R. Doc. 347.

[20] Courts generally evaluate the insurer's duty to indemnify after parties have "developed the actual facts that establish liability in the underlying lawsuit." *LCS Corrections Servs., Inc. v. Lexington Ins. Co.*, 800 F.3d 664, 668 (5th Cir. 2015).

4

The Court granted State National's motion for summary judgment finding it had no duty to defend Masse and Superior as insureds or to defend Allied as an additional insured in the *Adams* lawsuit.[21] State National argues the duty to indemnify is ripe with respect to the claims against Masse and Superior as insureds and Allied as an additional insured in the *Adams* lawsuit because the Court has found State National has no duty to defend them in the *Adams* lawsuit. The Court made this determination in the *Adams* lawsuit by looking at the eight corners of the petition and insurance policy. Conversely, the determination of State National's duty to indemnify requires analysis of the "actual facts that establish liability in the underlying lawsuit."[22] The Court declines to rule on State National's duty to indemnify until liability in the *Adams* suit is resolved.

Although the Court will not stay the consolidated cases in their entirety, the Court declines to rule on any insurer's duty to indemnify until the underlying state court proceedings in the *Adams* and *St. Pierre* matters are resolved. Any motions for summary judgment filed with respect to an insurer's duty to indemnify will be dismissed without prejudice to refile after the resolution of the underlying state-court lawsuits.

At the most recent status conference, some parties represented they wish to file motions for partial summary judgment on discrete issues, such as the status of Allied as an additional insured under Masse and Superior's insurance policies. The parties may file such motions on or before **January 23, 2017**. Memoranda in opposition to such motions must be filed within **two weeks** from the date of filing any motion for partial summary judgment. Replies to opposition memoranda must be filed within **one week** from the filing of the opposition.

---

[21] R. Doc. 347.
[22] *Guar. Nat'l Ins. Co*, 211 F.2d at 243.

Accordingly;

**IT IS ORDERED** that Allied's motion to stay[23] is **DENIED**.

**IT IS FURTHER ORDERED** that the parties may file motions for partial summary judgment on discrete issues, such as the status of Allied as an additional insured under Masse and Superior's insurance policies by **January 23, 2017**. Memoranda in opposition to such motions must be filed within **two weeks** from the date of filing any motion for partial summary judgment. Replies to opposition memoranda must be filed within **one week** from the filing of the opposition.

**New Orleans, Louisiana, this 8th day of December, 2016.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[23] R. Doc. 375.