UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HANOVER INSURANCE COMPANY,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-2375 c/w**<br>**14-1930, 14-1933,**<br>**16-2490** |
| **SUPERIOR LABOR SERVICES,**<br>**INC., ET AL.,**<br>    **Defendants** | **SECTION "E"** |

*Applies to:* **14-1930, 14-1933**

## ORDER AND REASONS

Before the Court is a motion for entry of final judgment under Rule 54(b) filed by State National Insurance Company.[1] For the reasons set forth below, State National's motion is **DENIED**.

## BACKGROUND

On March 8, 2012, State National filed a crossclaim for declaratory judgment against Superior.[2] State National sought judgment declaring that there is no coverage afforded to Superior under the State National policies issued to Superior and that State National has no duty to defend or indemnify Superior in the State-Court Lawsuits.[3] State National also seeks a declaration that the State National policies afford no coverage to Allied as a purported additional insured and that State National does not owe a duty to defend or indemnify Allied in the State-Court Lawsuits.[4]

---

[1] R. Doc. 407.
[2] R. Doc. 29. State National filed a second amended crossclaim for declaratory judgment on January 14, 2015, naming Allied as a defendant-in-crossclaim. R. Doc. 135.
[3] *Id.* at ¶ 19.
[4] *Id.*

1

State National also filed a petition for intervention for declaratory judgment on January 14, 2015[5] regarding the two marine general liability policies it issued to Masse.[6] Allied seeks additional insured status under the policies issued by State National to Masse.[7] State National sought a judgment declaring there is no coverage afforded to Masse under the State National policies and that State National has no duty to defend or indemnify Masse in the State-Court Lawsuits.[8] State National also sought a declaration that "there is no coverage afforded to Allied under the [State National] policies as a purported additional insured" and that State National does not owe a duty to defend or indemnify Allied in the State-Court Lawsuits.[9]

On April 8, 2016, the Court granted State National's motion for summary judgment finding it has no duty to defend Masse or Superior as insureds or Allied as an additional insured in the *Adams* lawsuit, and denied State National's motion for summary judgment finding it has a duty to defend Masse or Superior as insureds or Allied as an additional insured in the *St. Pierre* lawsuit.[10]

## DISCUSSION

State National moves pursuant to Rule 54(b), requesting the Court certify as a final judgment the Court's Order and Reasons granting summary judgment in favor of State National and finding State National has no duty to defend Masse and Superior as insureds and Allied as an additional insured in the *Adams* lawsuit.[11] Rule 54(b) states:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties

---

[5] R. Doc. 132.
[6] *Id.* at ¶ 14.
[7] *Id.* at ¶ 3.
[8] *Id.* at ¶ 19.
[9] *Id.*
[10] R. Doc. 347.
[11] R. Doc. 347.

2

are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.[12]

When ruling on a Rule 54(b) motion, the Court "must first determine that it is dealing with a final judgment," meaning the order is the ultimate disposition upon a cognizable claim for relief.[13] Then, the Court must determine whether there is any just reason for delay, weighing "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other."[14] When engaging in this balancing, the Court should consider whether the claims in the case are "separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."[15]

After weighing the appropriate factors, the Court finds certification is inappropriate in this case. Certifying the Court's order as a final judgment carries a significant risk of piecemeal review. State National fails to convince the Court that "there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal."[16] The possibility that entry of a Rule 54(b) final judgment on the

---

[12] FED. R. CIV. P. 54(b).
[13] *Williams v. Traylor-Massman-Weeks, LLC*, 2011 WL 4959365, *1 (E.D. La. Oct. 18, 2011) (quoting *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7 (1980)) (internal quotations omitted).
[14] *Rd. Sprinkler Fitters Local Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)).
[15] *Curtiss-Wright Corp.*, 466 U.S. at 8.
[16] *PYCA Indus., Inc. v. Harrison Cty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996).

Court's granting of State National's summary judgment will produce piecemeal review outweighs any potential danger of denying justice by delay.

## CONCLUSION

**IT IS ORDERED** that State National's motion for entry of final judgment under Federal Rule of Civil Procedure 54(b) is **DENIED**.[17]

**New Orleans, Louisiana, this 8th day of December, 2016.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[17] R. Doc. 407.