UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HANOVER INSURANCE COMPANY,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-2375 c/w 14-1930**<br>    **14-1933, 16-2490** |
| **SUPERIOR LABOR SERVICES,**<br>**INC., ET AL.,**<br>    **Defendants** | **SECTION "E"** |

*Applies to:  All Cases*

## ORDER AND REASONS

Before the Court is Masse Contracting, Inc.'s ("Masse") motion for reconsideration.[1] The motion is opposed.[2] On December 1, 2015, State National Insurance Company ("State National") filed four motions for summary judgment, seeking a determination that it does not owe a defense to Superior or Masse as insureds or Allied as an additional insured in the *Adams* and *St. Pierre* lawsuits.[3] On April 8, 2016, the Court denied two of these motions—those seeking a judgment that State National owed no defense to Superior or Masse as insureds or Allied as an additional insured in the *St. Pierre* lawsuit.[4] The Court granted the other two motions—those seeking a judgment that State National owed no duty to Superior or Masse as insureds or Allied as an additional insured in the *Adams* lawsuit.[5] In Masse's motion, it asks the Court to reconsider two of its rulings under Rule 59(e) of the Federal Rules of Civil Procedure.

---

[1] R. Doc. 415. Superior Labor Services, Inc. joins in Masse's motion. R. Doc. 423.
[2] R. Doc. 424.
[3] R. Docs. 242, 243, 244, 245.
[4] R. Doc. 347.
[5] R. Doc. 347.

1

Although Masse brings its motion under Rule 59(e), Masse filed its motion for reconsideration more than 28 days from the entry of the Court's order.[6] Therefore, the Court will consider the motion for reconsideration under Rule 60(b). Rule 60(b) provides that a court, "[o]n motion and just terms," may "relieve a party or its legal representative from a final judgment, order, or proceeding" due to:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[7]

The purpose of Rule 60(b) "is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts."[8] As the moving party, Masse has the burden to show why the Court should vacate the Court's prior judgment.[9] The determination of whether Masse has satisfied its burden lies within this Court's sound discretion.[10]

Granting relief under Rule 60 is "an extraordinary remedy which should be used sparingly."[11] Consequently, the "scope of relief that may be obtained under Rule 60(b) is strictly limited."[12] A motion to vacate a judgment is "not the proper vehicle for rehashing

---

[6] "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e).
[7] FED. R. CIV. P. 60(b)(1)-(6).
[8] *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005).
[9] *See League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421, 438 (5th Cir. 2011).
[10] *Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010).
[11] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also Pease v. Pakhoed*, 980 F.2d 995, 998 (5th Cir. 1993) ("Courts are disinclined to disturb judgments under the aegis of Rule 60(b).").
[12] 12 Moore's Federal Practice § 60.02 (3d ed. 2010).

evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[13]

Masse argues there is new evidence to consider in determining whether State National owes a duty to defend Masse and Superior as insureds and Allied as an additional insured.[14] This new evidence, Masse argues, is the sixth amended petition filed by the *Adams* plaintiffs on May 6, 2016.[15] In the Court's ruling on State National's motions for summary judgment, it considered the *Adams* plaintiffs' third amended petition, which was the latest amended pleading at the time the Order was issued.[16]

To warrant the granting of a motion for reconsideration under Rule 60(b)(2), Masse must show that the "newly discovered evidence"—the sixth amended petition—could not have been discovered with reasonable diligence in time to move for a new trial under Rule 59(b).[17] The Court's order was issued on April 8, 2016.[18] The *Adams* plaintiffs filed the sixth amended petition on May 6, 2016—28 days later.[19] The time to move for a new trial under Rule 59(b) is 28 days after the entry of judgment.[20] Therefore, the "newly discovered evidence" could have been discovered with reasonable diligence in time to move for a new trial under Rule 59(b).

Even if Masse were not faced with this obstacle, the Court would still find there is no reason to grant relief under Rule 60(b). Masse is correct that "[t]he duty to defend is determined by consulting the latest amended pleading."[21] The Court did just that—it

---

[13] *Templet*, 367 F.3d at 478.
[14] R. Doc. 415-1 at 1.
[15] R. Doc. 415-2 at 19.
[16] R. Doc. 347.
[17] FED. R. CIV. P. 60(b)(2).
[18] R. Doc. 347.
[19] R. Doc. 415-2 at 19.
[20] FED. R. CIV. P. 59(b).
[21] R. Doc. 415-1 (citing *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523 (5th Cir. 2004)).

3

considered the third amended petition, which was the latest amended pleading filed at the time of the Court's ruling.[22] Masse argues "when a petition is amended, the duty-to-defend analysis must be performed again to determine whether the amended petition alleges liability that is potentially within the scope of insurance coverage."[23] The Court does not disagree, and if another motion for summary judgment motion is filed before the Court with respect to State National's duty to defend in the *Adams* lawsuit, the Court will consider the latest amended pleading—currently, the sixth amended petition. The possibility of the Court considering the question of State National's duty to defend in the future, however, does not mean that its prior ruling was in error or should be disturbed.

Accordingly,

**IT IS ORDERED** that Masse's motion[24] is **DENIED**.

**New Orleans, Louisiana, this 8th day of December, 2016.**

                                    **SUSIE MORGAN**
                          **UNITED STATES DISTRICT JUDGE**

---

[22] The Court's ruling was issued on April 8, 2016. The sixth amended petition was not filed until May 6, 2016.
[23] R. Doc. 415-1 at 3–4 (citing *Maldonado v. Kiewit Louisiana Co.*, 146 So. 3d 210 (La Ct. App. 1 Cir. 3/24/14)).
[24] R. Doc. 415.