UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HANOVER INSURANCE COMPANY,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **No. 11-2375 c/w 14-1930**<br>        **14-1933, 16-2490** |
| **SUPERIOR LABOR SERVICES,**<br>**INC., ET AL.,**<br>    Defendants | **SECTION "E"** |

*Applies to: All Cases*

### ORDER AND REASONS

Before the Court is Arch Insurance Company's ("Arch") motion for reconsideration.[1] The motion is opposed.[2] On December 1, 2015, Arch filed two motions for summary judgment, seeking a determination that it does not owe a defense to Superior or Masse as insureds or Allied as an additional insured in the *Adams* and *St. Pierre* lawsuits.[3] On November 23, 2016, the Court denied the motions.[4] In Arch's motion, it asks the Court to reconsider its rulings under Rule 59(e) of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a [final] judgment."[5] Although the district court has broad discretion to reconsider an

---

[1] R. Doc. 429.
[2] R. Docs. 435, 437, 438.
[3] R. Docs. 250, 251.
[4] R. Doc. 418.
[5] Fed. R. Civ. P. 54(b).

1

interlocutory order for any reason it deems sufficient,[6] this power "is exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays."[7]

Generally, the courts in this district evaluate a motion to reconsider an interlocutory order under the same standards as those governing a motion to alter or amend a final judgment brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[8] Such a motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[9] A motion for reconsideration, however, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[10] "The Court is mindful that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'"[11] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[12]

In deciding motions under the Rule 59(e) standards, the courts in this district have considered the following factors:

---

[6] *See U.S. v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013) (citation and internal quotation marks omitted) ("Rule 54(b) authorizes a district court to reconsider and reverse its prior rulings on any interlocutory order for any reason it deems sufficient.")
[7] *Castrillo v. Am. Home Mortgage Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.).
[8] *See, e.g.*, *id.* at *3–4 ("The general practice of this court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment."). However, there are some circumstances in which a different standard would be appropriate. *Id.* (citing *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–16 (4th Cir. 2003)).
[9] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir.2003) (citations and internal quotation marks omitted).
[10] *Lacoste v. Pilgrim Int'l*, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (Vance, J.) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).
[11] *Castrillo*, 2010 WL 1424398, at *4 (alteration in original) (quoting *Templet,* 367 F.3d at 479).
[12] *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, at *3 (E.D. La. Mar. 5, 2012).

(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;

(2) whether the movant presents new evidence;

(3) whether the motion is necessary in order to prevent manifest injustice; and

(4) whether the motion is justified by an intervening change in the controlling law.[13]

Arch's motion is based on its contention that the Court committed manifest errors of law or fact in its judgment. Arch first argues the issue of indemnity was ripe and should have been addressed before the Court addressed Arch's duty to defend.[14] Arch relies on *Medical Protective Company v. Turner* and *Evanston Insurance Co. v. Forest Oil Corp.* in support of its proposition.[15] The Court considered and cited *Turner*, and decided the exception enunciated in *Turner* does not apply to this case.[16] Although not cited in the Court's opinion, the Court also considered Judge Foote's opinion in *Evanston*. In *Evanston*, Judge Foote stated "the Court cannot conceive of an example in which the Evanston policy would provide coverage to the facts at hand."[17] Judge Foote also stated "*in certain circumstances*, courts are able to determine that there can be no coverage for damages under a policy, even at an early stage of the litigation."[18] This Court found Arch's policies did not unambiguously exclude coverage of the damages alleged in the State-Court Lawsuits, and therefore, this case is not one of those circumstances in which it is appropriate to consider the duty to indemnify before determining whether there exists a

---

[13] *Castrillo*, 2010 WL 1424398, at *4. The Court notes that the time limits of Rule 59 do not apply in this matter because the order appealed is interlocutory. Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.*, 33 F. App'x 704 (5th Cir. 2002); *Lightfoot v. Hartford Fire Ins. Co.*, 07-4833, 2012 WL 711842, at *2 (E.D. La. Mar. 5, 2012).
[14] R. Doc. 429-1 at 6.
[15] *Id.* at 7–8.
[16] R. Doc. 418 at 33–34.
[17] *Evanston Ins. Co. v. Forest Oil Corp.*, 123 F. Supp. 3d 848, 856 (W.D. La. 2015).
[18] *Id.* (emphasis added).

duty to defend. Put another way, this Court *could* conceive of an example in which the Arch policy would provide coverage to the facts at hand.

Arch's second argument is that the pollution limitation endorsement in its policy precludes coverage.[19] The Court, in its discussion of the application of the pollution exclusion, expressly considered and applied the *Doerr* factors, finding Arch failed to answer all three *Doerr* factors in the affirmative.[20] In its motion for reconsideration, Arch raises substantially the same arguments raised in its motion for summary judgment. These arguments were considered, and the Court did not commit an error of law with respect to the application of the pollution limitation endorsement.

Third, Arch argues the Court erred in finding the health hazard exclusion unambiguously excludes coverage.[21] Arch again asserts the decision in *Cobb v. Sipco Services & Marine Inc.*[22] is applicable to this case. In its Order and Reasons, this Court discussed at length the differences between *Cobb* and the instant case.[23] In its motion for reconsideration, Arch presents no novel argument, facts, or law that were not considered by the Court in its ruling. The Court did not commit legal error.

Arch's fourth argument is that the Court erred in finding that the conditions precedent of the pollution buyback endorsement did not preclude coverage.[24] Again, the Court considered this very point, and held "[a]lthough the notice requirements may be conditions precedent to the determination of whether the pollution limitation provision is triggered with respect to whether it has a duty to defend Masse or Superior as insureds

---

[19] R. Doc. 429-1 at 10–16.
[20] R. Doc. 418 at 25–32.
[21] R. Doc. 429-1 at 16–19.
[22] No. 95-2131, 1997 WL 369633 (E.D. La. June 27, 1997).
[23] R. Doc. 418 at 20.
[24] R. Doc. 429-1 at 19–23.

or Allied as an additional insured, Arch must first establish that the pollution exclusion unambiguously precludes coverage."[25] The Court found Arch failed to establish that the pollution exclusion unambiguously precludes coverage, so the Court did not need to determine whether Allied met the notice requirements.[26]

Finally, Arch argues the Court erred in its finding that the silica exclusion contained in its policies unambiguously excludes coverage, arguing the Court's order "did not give effect to Arch's Silica Exclusion."[27] Once again, Arch cites the same cases and makes the same arguments as it did in support of its motion for summary judgment. All of these cases and arguments were considered by the Court in its ruling. In fact, the Court specifically addressed Arch's argument that the Court should rule on Arch's motion in the same manner in which the Court ruled on State National's motion for summary judgment with respect to the *Adams* plaintiffs.[28]

Overall, Arch presents no novel arguments and points to no errors of law or fact committed by the Court in its ruling on Arch's motion for summary judgment. Arch should be mindful that a motion for reconsideration is not meant to rehash legal theories or arguments that were raised before the ruling. "The mere fact that [a party] disagrees with this Court's ruling is not grounds for a motion to reconsider."[29] Arch did not point to any errors of law or fact in the Court's ruling or any issues of law or fact that the Court had not already considered.

Accordingly,

---

[25] R. Doc. 418 at 31 (internal citations omitted).
[26] *Id.* at 31–32.
[27] R. Doc. 429-1 at 23–24.
[28] R. Doc. 418 at 24–25.
[29] *Henson v. Odyssea Vessels, Inc.*, No. 07-613, 2008 WL 89513, at *1 (E.D. La. Jan. 7, 2008).

**IT IS ORDERED** that Arch's motion[30] is **DENIED**.

**New Orleans, Louisiana, this 4th day of January, 2017.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[30] R. Doc. 429.