## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**HANOVER INSURANCE COMPANY**                    **CIVIL ACTION**
                                Plaintiff
**VS.**                                          **NO. 11-2375**
                                                 **c/w 14-1930, 14-1933, 16-2490**

**SUPERIOR LABOR SERVICES, INC.,**               **SECTION "E" (3)**
**ET AL.**
                                Defendants
                                                 *APPLIES TO 16-2490*

### THE GRAY INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF ITS 12(b)(1) AND/OR 12(b)(6) MOTION TO DISMISS AMENDED COMPLAINT FOR DECLARATORY RELIEF BY GREAT AMERICAN E & S INSURANCE COMPANY

Defendant, The Gray Insurance Company ("Gray"), submits this Memorandum in Support of its Motion to Dismiss the claims of Great American E & S Insurance Company (formerly known as Agricultural Excess & Surplus Insurance Company) ("Great American") against Gray, as set forth in Great American's Amended Complaint for Declaratory Relief [R. Doc. 371]. These claims are the only claims currently pending against Gray in this court. All other claims against Gray were dismissed previously for lack of subject matter jurisdiction. [R. Doc. 321].

### INTRODUCTION

Great American, an insurer of Masse Contracting, Inc. ("Masse") and Allied Shipyard, Inc. ("Allied"), has filed its Amended Complaint naming Gray, another insurer of Masse and Allied, as a third party defendant in an attempt to circumvent earlier filed actions brought by Allied and Gray in state court. However, despite nominally referring to Gray as a third party defendant, careful examination of the Amended Complaint reveals that Great American has not

actually asserted any cognizable claims against Gray. Furthermore, if Great American had actually made any cognizable claims against Gray, which it has not, those claims cannot yet be adjudicated here because Great American's hypothetical claims contingent on the happening of an uncertain future event do not constitute a real, justiciable "case or controversy." These defects mandate dismissal of Great American's claims for both lack of subject matter jurisdiction as well as failure to state a claim upon which relief may be granted. Accordingly, Gray respectfully requests that this Honorable Court dismiss Great American's Amended Complaint for Declaratory Relief with respect to the claims asserted against Gray.

## FACTUAL AND PROCEDURAL BACKGROUND

The Court is well aware of the factual and procedural background in this case. As such, Gray only provides a brief overview of the various suits, then turns its focus to the claims asserted by Great American.

### 1. <u>Underlying State Court Lawsuits</u>

Two (2) lawsuits were filed against Allied in Louisiana state court in 2011 -- one by Andrea Adams, *et al.*, and one by Megan St. Pierre, *et al*. [*See* R. Doc. 1 in 11-2375, pp. 4-5] (hereinafter, "underlying state court lawsuits"). Both suits were filed in Lafourche Parish and allege that Allied performed, or caused to be performed, sandblasting activities that resulted in "dangerous silica dust" "permeating plaintiffs' neighborhood." As a result, the plaintiffs allegedly developed health problems and injuries, as well as property damage. Allied, in turn, filed Third-Party Demands against a number of its contractors who performed these sandblasting jobs, including Masse. [R. Doc. 130 in 11-2375, p. 6]. These contractors then sought coverage, defense and/or indemnity from their various insurers for the periods of time when these jobs

were allegedly performed, which prompted the insurers to file declaratory judgment lawsuits in federal court.

On August 12, 2016, Allied filed a Cross-Claim and Third-Party Demand against Gray and the insurers of Masse and Superior, including Great American, alleging *inter alia* that it was entitled to additional insured coverage under the policies issued by those insurers to Masse and Superior and seeking indemnity under those policies in the event Allied was found liable to the *Adams* and/or *St. Pierre* plaintiffs.

On August 18, 2016, Gray filed an Answer and Cross-Claim in the *Adams* and *St. Pierre* matters, wherein it responded to the Cross-Claim of Allied, named Great American, among others, as a defendant and asserted claims for indemnity, contribution, subrogation and/or conventional subrogation for the costs of defense Gray paid on behalf of Allied.[1]

Both Allied's Cross-Claim and Third-Party Demand and Gray's Cross-Claim were filed before Great American filed its Amended Complaint [Rec. Doc. 371].

## 2.   <u>Declaratory Actions in Federal Court</u>

Because of the underlying state court lawsuits, various insurers filed complaints for declaratory judgment against Allied, Masse and Superior Labor Services, Inc. ("Superior"), another one of Allied's contractors.  These suits were filed by Hanover Insurance Company ("Hanover"), Arch Insurance Company ("Arch"), and Great American, all disputing coverage and seeking a determination from the courts as to what coverage, if any, was owed and by whom.

Specifically at issue in this Motion is the suit filed by Great American against Masse and Masse's alleged insurers.   On March 25, 2016, Great American filed a 'Complaint for Declaratory Relief Pursuant to 28 U.S.C. §2201' in the United States District Court, Eastern

---

[1]      Exhibit 1.

District of Louisiana. [R. Doc. 1 in 16-2409.]  Great American named the following parties as defendants:

1.      Masse;

2.      Allied;

3.      Arch;

4.      United Capitol Insurance Company ("United");

5.      Lexington Insurance Company ("Lexington");

6.      Atlantic Insurance Company ("Atlantic");

7.      State National Insurance Company ("SNIC");

8.      Underwriters at Lloyd's, London ("Lloyd's"); and

9.      Clarendon National Insurance Company ("Clarendon").

[*Id.* at pp. 2-3.]  Great American did not name Gray as a defendant when it filed its original Complaint for Declaratory Judgment.

On August 26, 2016, **only after Gray had asserted its Cross-Claim against Great American in Louisiana state court**, Great American filed an 'Amended Complaint for Declaratory Relief Pursuant to 28 U.S.C. §2201 and 28 U.S.C. §2202' [R. Doc. 371 in 11-2375] wherein it first named Gray as a defendant in the matter.  At the time Gray was named by Great American at as a defendant, Gray was not a party to this suit as all prior claims against it had been dismissed for lack of subject matter jurisdiction.  [Rec. Doc. 321.]  Great American alleged that it issued policies of insurance to Masse covering the policy periods of November 16, 1996, through November 16, 1998. [*Id.* at p. 6.]

Great American then asserted five (5) specific claims for declaratory relief:

1.      That it had no duty to defend or indemnify Masse under the policies with respect to the claims in the St. Pierre lawsuit; [*Id.* at p. 8.]

2.      That it had no duty to defend or indemnify Masse under the policies with respect to the claims in the Adams lawsuit; [*Id*.]

3.      That there is no coverage for Allied as an additional insured under the policies with respect to the claims in the Adams and St. Pierre lawsuits; [*Id*. at p. 9.]

4.      That, should a duty to defend and/or indemnify be found, then any such obligations be proportionate to Great American's time on the risk as compared to the period of time during which the Adams and St. Pierre plaintiffs' exposures allegedly occurred; [*Id*. at p. 10.]

5.      That, should a duty to defend and/or indemnify be found, then Great American is entitled to contribution from Arch, United Capitol, Lexington, Atlantic, SNIC, Lloyd's and Clarendon. [*Id*.]

As the Court can no doubt see, Great American does not actually allege a specific claim for declaratory relief against Gray.  Great American does, however, assert that certain "non-exclusive language in its policies [ ] exclude or limit Great American's liability to Allied and/or Gray. [*Id*. at pp. 11-12.]

Further confusing the issues, Great American then adds to its asserted claims by adding 2 claims in its 'Prayer for Relief' which were not previously encompassed in its 5 asserted claims:[2]

7.      In the event that the Court finds that Great American has a duty to indemnify and/or defend Masse Contracting, Inc., and/or Allied Shipyard, Inc., for the whole of their damages and costs in connection with the Underlying Lawsuits, declaratory judgment that Great American is entitled to contribution for the same from Arch Insurance Company, United Capitol Insurance Company, Lexington Insurance Company, Atlantic Insurance Company, State National Insurance Company, Underwriters at Lloyd's, London, and [*sic*] Clarendon National Insurance Company and The Gray Insurance Company.

8.      Declaratory judgment that the Great American policies afford no coverage for the defense costs and indemnity incurred by it in its defense of Allied Shipyard, Inc. and The Gray Insurance Company.

---

[2] The other items listed in the "Prayer for Relief" Section are encompassed in Great American's aforementioned 5 claims.

[*Id*. at pp. 13-14, ]

These additional claims nominally list Gray as a defendant, but it is clear these claims either do not pertain to Gray or are hypothetical claims contingent on events that have not and may never occur, especially considering Great American has never and does not allege that it paid any defense costs or indemnity to Allied, Masse, or Gray.

## LAW AND ARGUMENT

1.      **Claims 1 through 5 of the Amended Complaint do not State a Claim Against Gray.**

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 & 1973 n.14, 167 L. Ed. 2d 929 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008). A district court may consider only the contents of the pleading and the attachments thereto. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)).

In Claims 1 through 5 of the Amended Complaint, Great American has failed to assert a specific claim against Gray. Claims 1 through 5 do not even mention Gray. Instead, claims 1 through 4 only pertain to an adjudication of duties between Great American and its insureds, Masse and/or Allied. While Claim 5 pertains to a request by Great American to receive contribution for costs Great American may hypothetically pay one day in the future on behalf of

Allied and/or Masse from numerous parties, Gray is not named as one of those parties against which claim 5 is asserted.

Under the Rule 12 standard, Great American must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205.  Here, with regard to claims 1 through 5, Great American has not asserted any factual basis of a claim, or even a claim itself, against Gray.  There are no well-pleaded facts to accept as true since Great American has made no allegations as to Gray.

**2.      The Additional Claims do not Comprise a "Case or Controversy."**

As discussed herein, Great American's additional claims asserted in its "Prayer for Relief" against Gray do not constitute a "Case or Controversy" and must, therefore, be dismissed for lack of subject matter jurisdiction.  Claim 7 seeks contribution from Gray for defense and indemnity costs Great American has not paid and may never be required to pay on behalf of Allied and/or Masse.  This hypothetical future obligation Gray may owe Great American one day in the future is contingent on two events which may never happen: (1) a court rules Great American has a duty to defend and indemnify Allied and/or Masse and (2) Great American actually honors that duty by actually paying defense and indemnity costs.   Until those hypothetical events come to pass, and they may never, there is no jurisdiction over claim 7.

Claim 8 appears to be a rehashing of the earlier claims 1 through 5 discussed above. Claim 8 first seeks a declaration that the Great American policies afford no coverage for defense or indemnity costs Great American paid on behalf of Allied.  Regardless of the fact that Great American has not paid any costs on behalf of Allied, this claim does not and should not involve Gray as discussed in section 1 above because this claim is between Allied and Great American alone.  However, inexplicably, Great American has included Gray in this claim stating that it

does not have a duty to defend and/or indemnify Gray itself.  Because Gray is not an insured under the Great American policies, the inclusion of Gray in Claim 8 appears to be a mere clerical error on the part of counsel for Great American.  However, in an abundance of caution, this claim is also required to be dismissed because Great American has never paid the costs Gray spent defending itself and will probably never be required to pay Gray's own litigation costs.

Fed. R. Civ. P. 12(h)(3) requires the dismissal of an action when a federal court lacks jurisdiction over the subject matter of the plaintiff's claim.  *See also Lumpkins v. Bank of Am.*, C.A. No. 12-9, 2012 U.S. Dist. LEXIS 174454, 2012 WL 6115107 (E.D. La. Dec. 10, 2012) (Morgan, J.).  The proper vehicle to challenge a court's lack of subject matter jurisdiction is a motion brought pursuant to Federal Rule of Civil Procedure 12(b)(1). *Barrera-Montenegro v. U.S.*, 74 F.3d 657, 659 (5th Cir. 1996) (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).

"In ruling on a Rule 12(b)(1) motion to dismiss, the Court may rely on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts." *Barrera-Montenegro*, 74 F.3d at 659 (internal citations omitted); *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).  "A federal court has an unflagging duty to inquire into its jurisdiction whenever the possibility of a lack of jurisdiction arises." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

The burden is on the plaintiff or the party seeking to assert federal jurisdiction to demonstrate that jurisdiction is proper. *Id*.  Here, Great American must establish the basis of jurisdiction. The Court should consider a Rule 12(b)(1) jurisdictional attack before addressing

any attack on the merits. *In re FEMA Trailer Formaldehyde Prods. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

Article III of the United States Constitution limits the jurisdiction of federal courts to only those matters which constitute an actual "Case or Controversy." *Medimmume, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-127 (2007). If a petitioner cannot establish that his claim constitutes a "Case or Controversy," his claims should be dismissed for lack of subject matter jurisdiction. *Id.* In this regard, the Declaratory Judgment Act, 28 U.S.C. §2201, upon which Great American seeks relief, "is designed to permit adjudication of claims only where there is an actual case or controversy and an adjudication would serve a useful purpose." *See Americas Ins. Co. v. Schlumberger Ltd.*, 111 F.3d 893 (1997) (citing *Allstate Ins. Co. v. Employers Liability Assurance Corp.*, 445 F.2d 1278, 1280 (5th Cir. 1971)). As explained by the Fifth Circuit:

> 'The federal courts established pursuant to Article III of the Constitution do not render advisory opinions. For adjudication of constitutional issues 'concrete legal issues, presented in actual cases, not abstractions' are requisite. This is as true of declaratory judgments as any other field.' *United Public Workers of America (C.I.O.) v. Mitchell*, 330 U.S. 75, 89, 67 S.Ct. 556, 564, 91 L.Ed. 754 (1947). 'The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941).

*Allstate*, 445 F.2d at 1280-81 (citing *Golden v. Zwickler*, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969)).

"The controversy must be 'real and substantial ... admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Scottsdale Ins. Co. v. Bayou Land & Marine*, C.A. No. 98-3668, 1999 WL 777714, at \*2 (E.D. La. Sept. 30, 1999) (internal quotation omitted.)  "A controversy, to be justiciable, must be such that it can presently be litigated and decided and **not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop.**" *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989) (quoting *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967)) (emphasis added.)

In this case, there is no case or controversy between Great American and Gray because Great American's claims against Gray are hypothetical, conjectural, conditional and based solely on the mere hypothetical possibility that Great American may one day pay for the defense costs or the indemnity costs of Allied, Masse, or Gray.  This hypothetical possibility may never come to pass.  Great American has not paid any defense costs or indemnity on behalf of Masse, Allied, or Gray for which it can seek contribution.   Moreover, Great American is now seeking a declaratory judgment that it does not ever have to pay defense costs nor indemnity on behalf of Masse and Allied.  As such, until (1) a court rules Great American has a duty to defend and indemnify Allied and/or Masse and (2) Great American actually honors that duty by actually paying defense and indemnity costs, the entirety of Great American's claims against Gray are hypothetical and contingent on a possible future that may never come to pass.

Moreover, as aforementioned, the claims of Great American are all contingent upon, among other things, a future determination of what obligations, if any, Great American owes to Allied and Masse.  With respect to indemnity obligation, this issue will not be decided until after the Louisiana state court has held a trial on the merits.  As this Court noted in its Order Denying

Allied's Motion to Stay, "[b]ecause liability in the underlying cases has not yet been determined, the Court cannot determine whether Masse and Superior as insureds or Allied as an additional insured have a right to indemnity." [R. Doc. 426, p. 5.]   "[T]he Court declines to rule on any insurer's duty to indemnify until the underlying state court proceedings in the *Adams* and *St. Pierre* matters are resolved." [*Id.*]   In other words, Great American's duty to indemnify, which it alleges then gives rise to its claim against Gray, will not be decided until liability is decided.

## CONCLUSION

Great American's Amended Complaint naming Gray as a defendant is its attempt to circumvent the claims properly pending against Great American in state court.   However, Great American's attempt must fail because Great American has not actually asserted any cognizable claims against Gray.   Furthermore, if Great American had actually asserted cognizable claims against Gray, those premature hypothetical claims would not be within the subject matter jurisdiction of this Court as they do not constitute a justiciable "Case or Controversy."

Therefore, The Gray Insurance Company respectfully prays that this Court grant its 12(b)(1) and 12(b)(6) Motion to Dismiss, dismissing Great American's claims against Gray with prejudice.

Respectfully submitted,

*/s/ William P. Wynne*
EDWARD J. KOEHL, JR. (#7805)
WILLIAM P. WYNNE (#28817)
HANSFORD P. WOGAN (#34825)
Jones Walker LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone:  (504) 582-8750
Facsimile:  (504) 589-8750
ekoehl@joneswalker.com
bwynne@joneswalker.com
fwogan@joneswalker.com
*Attorneys for Defendant, The Gray Insurance*
*Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of March, 2017, a copy of the foregoing pleading was filed electronically with the Clerk of Court and served by operation of the Court's electronic filing system, email, facsimile or U.S. mail, first class, postage prepaid.

*/s/ William P. Wynne*
William P. Wynne