| | |
|---|---|
| **HANOVER INSURANCE COMPANY,**<br>    **Plaintiff** | **CIVIL ACTION** |
| | **No. 11-2375 c/w** |
| **VERSUS** | **14-1930, 14-1933,**<br>**16-2490** |
| **SUPERIOR LABOR SERVICES,**<br>**INC., ET AL.,**<br>    **Defendants** | **SECTION "E"** |

*Applies to:*  11-2375, 14-1933

## ORDER AND REASONS

Before the Court are two motions for summary judgment filed by State National

Insurance Company ("State National") regarding its duty to defend Allied Shipyard, Inc.

("Allied") as an additional insured under its policies issued to Masse Contracting, Inc.

("Masse")[1] and Superior Labor Services, Inc. ("Superior")[2] against claims made in the

underlying *Adams*[3] and *St. Pierre*[4] state-court lawsuits. Allied opposes the motions.[5] For

the reasons set forth below, State National's motions are **GRANTED**.

---

[1] R. Doc. 445.

[2] R. Doc. 446.

[3] In its previous ruling on motions for summary judgment filed by State National, the Court found State National has no duty to defend Masse or Superior as insureds or Allied as an additional insured in the *Adams* lawsuit. R. Doc. 347. The Court based its finding on the eight corners of the *Adams* petitions and State National's policies issued to Masse and Superior, specifically the silica exclusion. *Id.* The Court's decision on the instant motion relates to Allied's status as an additional insured and reaches the same result as its decision in Record Document 347 with respect to State National's duty to defend Allied as an additional insured in the *Adams* lawsuit.

[4] In its previous ruling on State National's motions for summary judgment, the Court found State National has a duty to defend Masse and Superior as insureds and Allied as an additional insured in the *St. Pierre* lawsuit because State National's policies issued to Masse and Superior did not unambiguously preclude coverage. R. Doc. 347. The Court's opinion on the instant motions for summary judgment deals whether Allied is an additional insured under State National's policies issued to Masse and Superior. Although the Court finds Allied is not an additional insured under the Masse and Superior policies, and State National therefore has no duty to defend Allied for claims in the *St. Pierre* lawsuit, State National nevertheless has a duty to defend Masse and Superior in the *St. Pierre* lawsuit.

[5] R. Docs. 452, 453.

# BACKGROUND

A.  Consolidated State-Court Lawsuit

The case originates from two state-court personal-injury actions, now consolidated[6] ("Consolidated State-Court Lawsuit") against Allied Shipyard, Inc. ("Allied"): (1) *Adams, et al. v. Allied Shipyard, Inc., et al.* and (2) *St. Pierre, et al. v. Allied Shipyard, Inc.*[7] The plaintiffs in the Consolidated State-Court Lawsuit allege Allied negligently performed sandblasting activities and they seek resulting damages.

In the Consolidated State-Court Lawsuit, Allied filed a third-party demand against its contractors who performed the sandblasting jobs, including Superior and Masse.[8] Specifically, Allied alleges that Superior and Masse contracted with Allied to perform certain tasks and to indemnify Allied under master work contracts.[9] Allied seeks to be named as an additional insured on Superior and Masse's insurance policies, and seeks indemnity from Superior and from Masse with respect to the claims in the Consolidated State-Court Lawsuit.[10]

The plaintiffs in *Adams* amended their petition to name Superior, Masse, other subcontractors, and Gray Insurance Company as direct defendants.[11]

The third-party-defendant contractors "in turn sought coverage, defense and/or indemnity from their various insurers for the periods of time when these jobs were allegedly performed, which prompted the insurers to file lawsuits in federal courts."[12]

---

[6] The two cases were consolidated in state court on September 9, 2013. *See* R. Doc. 261-5.
[7] R. Docs. 443-3, 443-4, 443-5, 443-6, 443-7, 443-8, 443-9 (*Adams* Petitions for Damages); R. Doc. 443-12 (*St. Pierre* Petition for Damages).
[8] *See* R. Docs. 443-10, 443-11, 443-13, 443-14.
[9] *See* R. Docs. 443-10, 443-11, 443-13, 443-14.
[10] *See* R. Docs. 443-10, 443-11, 443-13, 443-14.
[11] *See* R. Docs. 443-3, 443-4, 443-5, 443-6, 443-7, 443-8, 443-9.
[12] R. Doc. 174-1 at 2.

On August 18, 2016, Allied filed a cross-claim and third-party demand in state court against its direct insurer, Gray, and against Masse and Superior's insurers, including State National, seeking a declaration that it has a right to defense and indemnity as well as a declaration of its status as an additional insured under Masse and Superior's policies.[13]

The *Adams* plaintiffs filed their sixth amended petition in state court on April 29, 2016.[14] The *St. Pierre* plaintiffs have not amended their original petition, which was filed on December 8, 2010.[15]

B. <u>Declaratory Actions in Federal Court</u>

Four federal actions related to the Consolidated State-Court Lawsuit are pending in this Court. The Court consolidated the first three cases—11-2375, 14-1930, and 14-1933—on November 21, 2014, and consolidated 16-2490 with those cases on August 10, 2016.[16]

1. *No. 11-2375*

On September 21, 2011, Hanover Insurance Company ("Hanover") filed a complaint in this Court.[17] Hanover filed an amended complaint on September 27, 2012.[18] Hanover alleges it has been participating in the defense of Superior against Allied's third-party demands in the Consolidated State-Court Lawsuit.[19] Hanover maintains the other insurers it names in its federal suit "are not participating in Superior's defense" in the

---

[13] *See* R. Doc. 443-15.
[14] R. Doc. 443-9.
[15] R. Doc. 443-12.
[16] *See* R. Docs. 108, 368.
[17] *Hanover Ins. Co. v. Superior Labor Servs., Inc., et al.*, No. 11-2375.
[18] R. Doc. 69.
[19] *Id.* at ¶¶ 23–24.

Consolidated State-Court Lawsuit.[20] Hanover seeks judgment against Superior declaring that it has no duty to defend or indemnify Superior in the Consolidated State-Court Lawsuit.[21] If Hanover has a duty to defend or indemnify Superior, Hanover seeks declaratory judgment that State National Insurance Company ("State National"), Arch Insurance Company ("Arch"), and "other unidentified insurance companies collectively named as ABC Insurance Company" are liable "for their share of defense and indemnity to be paid on behalf of Superior" in the Consolidated State-Court Lawsuit.[22] Hanover also seeks reimbursement, contribution, and/or damages from State National, Arch, and other unidentified insurance companies for defense costs already incurred by Hanover on behalf of Superior in the Consolidated State-Court Lawsuit that, Hanover argues, should have been paid by those insurance companies.[23]

On January 14, 2015, Hanover filed a second supplemental and amending complaint naming Allied as a defendant.[24] Hanover alleges that "Allied has tendered the [Consolidated State-Court Lawsuit] to Hanover for defense and indemnity in its capacity as an alleged additional insured" under Superior's policies, and Hanover has offered to participate in Allied's defense in the Consolidated State-Court Lawsuit subject to a full reservation of rights.[25] Hanover alleges that Allied is not an additional insured under Hanover's policies, and Hanover seeks judgment against Allied declaring that it has no duty to defend or indemnify Allied in the Consolidated State-Court Lawsuit.[26] In the alternative, if the Court finds Hanover has a duty to defend or indemnify Allied, Hanover

---

[20] *Id.* at ¶ 26.
[21] *Id.* at ¶¶ 22–23.
[22] *Id.* at ¶ 2.
[23] *Id.* at ¶ 3.
[24] R. Doc. 125.
[25] *Id.* at ¶ 79.
[26] *Id.* at 9.

seeks judgment declaring that Arch, State National, and other unidentified insurance companies are obligated to pay their portions of defense costs and/or indemnity incurred by Hanover on behalf of Superior and Allied in the Consolidated State-Court Lawsuit.[27]

On March 8, 2012, State National filed a crossclaim for declaratory judgment against Superior.[28] State National filed its first amended crossclaim for declaratory judgment on September 27, 2012.[29] State National filed a second amended crossclaim for declaratory judgment on January 14, 2015, naming Allied as a defendant-in-crossclaim.[30] State National seeks judgment declaring that there is no coverage afforded to Superior under the State National policies issued to Superior and that State National has no duty to defend or indemnify Superior in the Consolidated State-Court Lawsuit.[31] State National also seeks a declaration that the State National policies afford no coverage to Allied as a purported additional insured and that State National does not owe a duty to defend or indemnify Allied in the Consolidated State-Court Lawsuit.[32]

### 2. No. 14-1930

On August 22, 2014, Arch Insurance Company brought an action for declaratory judgment against Superior and Allied.[33] Arch seeks a declaration of its rights and responsibilities under "certain insurance policies issued by Arch to Superior," with respect to Superior's request for defense and indemnity in the Consolidated State-Court Lawsuit.[34] Arch also seeks a declaration of its rights and responsibilities with respect to

---

[27] *Id.* The Court denied Hanover's motions for partial summary judgment on its duty to defend Masse, Superior, and Allied as an additional insured in both the *Adams* and *St. Pierre* lawsuits. R. Docs. 341, 342.
[28] R. Doc. 29.
[29] R. Doc. 67.
[30] R. Doc. 135.
[31] *Id.* at ¶ 19.
[32] *Id. See also, supra*, notes 3, 4.
[33] *Arch Ins. Co. v. Superior Labor Servs., Inc. et al.*, No. 14-1930.
[34] No. 14-1930, R. Doc. 1 at ¶ 3.

Allied's request for additional insured status under the Superior policies and defense and indemnity of Allied in the Consolidated State-Court Lawsuit.[35] Arch seeks a declaration against Superior and Allied that Arch has no defense or indemnity obligation to Superior or Allied in the Consolidated State-Court Lawsuit.[36] Arch also seeks recovery of the portion of defense costs already incurred by it on behalf of Superior.[37]

### 3. No. 14-1933

On August 22, 2014, Arch also filed an action for declaratory judgment against Masse and Allied. Arch seeks a declaration of its rights and responsibilities under "certain insurance policies issued by Arch to Masse," with respect to Masse's request for defense and indemnity in the Consolidated State-Court Lawsuit.[38] Arch also seeks a declaration of its rights and responsibilities with respect to Allied's request for additional insured status under the Masse policies and defense and indemnity of Allied in the Consolidated State-Court Lawsuit.[39] Arch seeks a declaration against Masse and Allied that Arch has no defense or indemnity obligation to Masse in the Consolidated State-Court Lawsuit.[40]

On January 14, 2015, Hanover filed a complaint in intervention in Case No. 14-1933 against Defendants Masse and Allied.[41] Hanover seeks judgment declaring that Hanover has no obligation to defend or indemnify Masse or Allied in the State-Court Lawsuits.[42]

---

[35] *Id.* at ¶ 4.
[36] *Id.* at ¶¶ 21, 47.
[37] *Id.* at ¶ 47. The Court denied with prejudice Arch's motions for summary judgment finding it had a duty to defend Masse and Superior as insureds and Allied as an additional insured in the *Adams* and *St. Pierre* lawsuits. R. Doc. 418. The Court denied without prejudice Arch's motions for summary judgment with respect to Arch's duty to indemnify Masse and Superior as insureds and Allied as an additional insured.
[38] No. 14-1933, R. Doc. 1 at ¶ 3.
[39] *Id.* at ¶ 4.
[40] *Id.* at ¶ 46.
[41] R. Doc. 128.
[42] *Id.*

State National also filed a complaint in intervention for declaratory judgment on January 14, 2015 naming as defendants Masse and Allied.[43] State National issued two marine general liability policies to Masse that provided coverage from November 15, 2006, to November 15, 2007, and from November 15, 2007, to November 15, 2008.[44] Allied seeks additional insured status under the policies issued by State National to Masse.[45] State National seeks a judgment declaring there is no coverage afforded to Masse under the State National policies and that State National has no duty to defend or indemnify Masse in the Consolidated State-Court Lawsuit.[46] State National also seeks a declaration that "there is no coverage afforded to Allied under the [State National] policies as a purported additional insured" and that State National does not owe a duty to defend or indemnify Allied in the Consolidated State-Court Lawsuit.[47]

On April 13, 2016, Lexington intervened in Arch's declaratory judgment action in its capacity as an insurer of Masse, and likewise, sought determinations of coverage for Masse as an insured and Allied as an additional insured for the claims asserted in the underlying Consolidated State-Court Lawsuit.[48] Lexington issued two commercial general liability policies to Masse—one in effect from February 16, 2000 to February 16, 2001 ("2000-2001 Lexington Policy") and another in effect from November 15, 2008 to November 15, 2009 ("2008-2009 Lexington Policy").[49]

---

[43] R. Doc. 132.
[44] *Id.* at ¶ 14.
[45] *Id.* at ¶ 3.
[46] *Id.* at ¶ 19.
[47] *Id.*
[48] No. 11-2375, R. Doc. 354.
[49] *Id.*

### 4. 16-2490

On March 25, 2016, Great American E&S Insurance Company ("Great American") filed a complaint in this Court.[50] Great American filed an amended complaint on August 26, 2016, adding Gray as a defendant.[51] Great American seeks a declaration of its rights and responsibilities as it relates to its duties to defend or indemnify Masse as an insured or Allied as an additional insured under the Great American Policies with respect to the claims in the *Adams* and *St. Pierre* lawsuits.[52] If Great American has a duty to defend or indemnify Masse as an insured or Allied as an additional insured in the Consolidated State-Court Lawsuit, Great American seeks declaratory judgment that "any such obligation should be proportionate to its time on the risk as compared to the period of time during which the underlying Plaintiff's toxic exposures allegedly occurred."[53] Alternatively, if Great American has a duty to defend or indemnify Masse as an insured or Allied as an additional insured, Great American seeks declaratory judgment that Great American is entitled to contribution from Arch Insurance Company, United Capitol Insurance Company, Lexington Insurance Company, Atlantic Insurance Company, State National Insurance Company, Underwriters at Lloyd's, London, and Clarendon National Insurance Company.[54]

### C. State National's Motions for Summary Judgment

State National filed its motions for summary judgment on January 23, 2017 seeking summary judgment that Allied is not an additional insured under the State

---

[50] *Great American E&S Ins. Co. v. Masse Contracting, Inc., et al.*, No. 16-2490 (E.D. La.).
[51] R. Doc. 371.
[52] *Id.* at ¶¶ 38–48.
[53] *Id.* at ¶ 50.
[54] *Id.* at ¶ 52. In its opposition to Gray's motion to dismiss, Great American states Gray was "inadvertently omitted from the list of insurers that are alleged to owe contribution." R. Doc. 480 at 3, n.7. Paragraph 7 of the prayer for relief in the amended complaint, however, includes Gray as a defendant. R. Doc. 371.

National Policies issued to Masse or Superior, and that State National has no duty to defend Allied against the claims made in the underlying *St. Pierre* and *Adams* lawsuits as an additional insured under State National's policies issued to Masse[55] and Superior.[56]

**CONSIDERATION OF DECLARATORY JUDGMENT ACTIONS**

State National has filed cross-claims for declaratory judgment against Superior and Allied.[57] State National has intervened in Arch's action for declaratory judgment against Masse and Allied[58] to assert a declaratory judgment action against Masse and Allied. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides in pertinent part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.[59]

The Court must determine whether it will hear State National's declaratory judgment actions before considering the motions for summary judgment. The Fifth Circuit has explained that, when considering a declaratory judgment action, a district court must engage in a three-step inquiry to determine whether to decide or dismiss a complaint for declaratory relief.[60] First, the Court must determine whether the action is justiciable.[61] Second, the Court must determine whether it has the authority to grant declaratory relief.[62] Third, the Court must determine "how to exercise its broad discretion to decide

---

[55] R. Doc. 445.

[56] R. Doc. 446.

[57] No. 11-2375, R. Docs. 29 (cross-claim against Superior), 67 (amended cross-claim against Superior), 135 (second amended cross-claim to add Allied as a defendant).

[58] No. 14-1933. State National's complaint in intervention can be found at Record Document 132 in the master case, 11-2375.

[59] 28 U.S.C. § 2201.

[60] *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). *See also Aggreko, LLC v. Am. Home Assur. Co.*, No. 14-1215, 2014 WL 6901376, at *3 (E.D. La. Dec. 5, 2014).

[61] *Id.*

[62] *Id.*

or dismiss a declaratory judgment action."[63] State National is seeking declaratory relief on its duty to defend Allied as an additional insured. The Court will determine whether to exercise its discretion to hear State National's declaratory judgment actions on its duty to defend Allied as an additional insured.

A.    Justiciability

The justiciability doctrines of standing, mootness, political question, and ripeness derive from Article III's "case or controversy" requirement.[64] In a declaratory judgment action, justiciability often turns on ripeness.[65] This case is no exception.

The ripeness doctrine is drawn "both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction."[66] The purpose of this doctrine is to forestall "entangl[ement] . . . in abstract disagreements" through "avoidance of premature adjudication."[67] "The key considerations are 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'"[68]

The Fifth Circuit has recognized that "applying the ripeness doctrine in the declaratory judgment context presents a unique challenge."[69] This stems primarily from the fact that declaratory relief often involves an *ex ante* determination of rights, *i.e.*, a determination of rights before an injury has occurred, that "exists in some tension with traditional notions of ripeness."[70] Fortunately, this challenge is not presented today,

---

[63] *Id.*
[64] *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714–15 (5th Cir. 2012).
[65] *See id*; *Orix*, 212 F.3d at 895; *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 27–28 (5th Cir. 1989).
[66] *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 57 n.18 (1993).
[67] *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).
[68] *New Orleans Public Serv., Inc. v. Counsel of City of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987) (quoting *Abbott Labs.*, 387 U.S. at 149).
[69] *Orix*, 212 F.3d at 896 (internal quotation marks omitted).
[70] *Id.*

because the Court's analysis is guided by a distinct subset of ripeness jurisprudence on disputes regarding the duty to defend.

Because the duty to defend does not depend on the outcome of the underlying law suit,[71] a duty-to-defend claim is ripe when the underlying suit is filed.[72] Accordingly, State National's duty-to-defend claims are ripe, and the Court finds the actions are justiciable.

B.     Mandatory Abstention

The Fifth Circuit has explained that "when a state lawsuit is pending, more often than not, issuing a declaratory judgment will be tantamount to issuing an injunction— providing the declaratory plaintiff an end run around the requirements of the Anti-Injunction Act."[73] The Fifth Circuit has provided an analysis with respect to a district court's authority to issue a declaratory judgment so as to not allow a declaratory plaintiff an end run around the requirements of the Anti-Injunction Act. The district court cannot consider the merits of a declaratory judgment action when (1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff; (2) the state case involves the same issues as those involved in the federal case; and (3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act.[74] The Fifth Circuit in *Jackson* held "if an injunction would be barred by

---

[71] *Suire v. Lafayette City-Parish Consol. Gov't*, 907 So. 2d 37, 52 (La. 2005).

[72] *See Columbia Cas. Co. v. Ga. & Fla. RailNet, Inc.*, 542 F.3d 106, 110 (5th Cir. 2008) ("An actual case or controversy exists before the resolution of an insured's underlying suit concerning the insurer's *duty to defend*.") (emphasis in original); *Morad v. Aviz*, No. 12-2190, 2013 WL 1403298, at *2 (E.D. La. Apr. 5, 2013) ("Courts have routinely held that courts may determine an insurer's duty to defend even before the underlying suit is decided."); *Greenwich Ins. Co. v. Capsco Indus., Inc.*, No. 1:14CV297-LG-JCG, 2014 WL 5025856, at *2 (S.D. Miss. Oct. 8, 2014).

[73] *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993) (citing *Tex. Emps. Ins. Ass'n v. Jackson*, 862 F.2d 491, 506 (5th Cir. 1988)). The Anti-Injunction Act states, "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

[74] *Travelers*, 996 F.2d at 776 (citing *Jackson*, 862 F.2d at 506); *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 387 (5th Cir. 2003).

[the Anti-Injunction Act], this should also bar the issuance of a declaratory judgment that would have the same effect as an injunction."[75] The first factor in this analysis is not met in this case. State National, the declaratory judgment plaintiff in the federal action, filed cross-claim against Superior on March 8, 2012 and against Allied on January 14, 2015.[76] State National filed its complaint in intervention against Masse and Allied in January of 2015.[77] Both of these filings occurred well before Allied, the declaratory defendant in the federal action, filed its cause of action against State National in state court on August 18, 2016.[78] The presence of all three factors mandates abstention. The want of any one factor defeats mandatory abstention.[79] Because the first factor has not been met, abstention is not mandatory.

C.     Discretion to Exercise Jurisdiction on the Duty to Defend

Because there is no mandatory abstention, the Court must consider, in its discretion, whether to exercise jurisdiction over this matter. "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants," even when subject-matter jurisdiction is otherwise proper.[80] In *Wilton v. Seven Falls Co.*, the Supreme Court held that the discretionary standard of *Brillhart v. Excess Ins. Co. of America*[81] governs a district court's decision to stay a declaratory judgment action during the pendency of parallel state-court proceedings.[82] "Although *Brillhart* did not set out an

---

[75] *Jackson*, 862 F.2d at 506.
[76] No. 11-2375, R. Docs. 29, 135.
[77] No. 14-1933. The complaint in intervention can be found at Record Document 132 in the master case, 11-2375.
[78] Allied filed a cross-claim and third-party demand in state court seeking a declaration that the insurers of Masse and Superior owe Allied a duty to defend and a duty to indemnify. R. Doc. 444-15.
[79] *Sealed v. Sealed*, 33 F.3d 1379 (5th Cir. 1994).
[80] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).
[81] *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942).
[82] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 284 (1995).

exclusive list of factors governing the district court's exercise of this discretion, it did provide some useful guidance in that regard."[83] There are three overarching considerations in the Supreme Court's analysis in *Brillhart*: federalism, fairness, and efficiency.[84] "Despite the circuits' different expressions of the *Brillhart* factors, each circuit's formulation addresses the same three aspects of the analysis."[85]

The Fifth Circuit uses the *Trejo* factors to guide a district court's exercise of discretion to accept or decline jurisdiction over a declaratory judgment suit:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
>
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
>
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
>
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
>
> (5) whether the federal court is a convenient forum for the parties and witnesses;
>
> (6) whether retaining the lawsuit would serve the purposes of judicial economy; and
>
> (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.[86]

---

[83] *Id.* at 282.
[84] *Sherwin-Williams*, 343 F.3d at 390.
[85] *Id.*
[86] *Sherwin-Williams*, 343 F.3d at 388, 390.

1.     *Nature of Pending State Court Action*

The first *Trejo* factor requires comparison of the declaratory judgment action with the underlying state-court action.[87] "If there is a pending related state proceeding but it is not 'parallel' because it does not involve all the same parties or issues, the federal district court properly considers the extent of similarity between the pending state court and federal court cases in deciding which court should decide the dispute, rather than relying on a *per se* rule."[88]

On March 8, 2012, State National filed its cross-claim against Superior in this court, seeking a declaration of whether State National has a duty to defend or indemnify Superior as an insured.[89] On January 14, 2015, State National filed an amended cross-claim, adding Allied as a defendant, and seeking a declaration of whether State National has a duty to defend or indemnify Allied as an additional insured.[90] On the same day, State National filed its complaint in intervention against Masse or Allied, seeking a declaration of whether State National has a duty to defend or indemnify Masse as an insured or Allied as an additional insured.[91] At the time State National filed its cross-claims and complaint for intervention in this court, the question of State National's duty to defend or indemnify Masse or Superior as insureds and Allied as an additional insured was not before the state court. After State National filed its cross-claims and complaint in intervention in this court, Allied filed a cross-claim and third-party demand in state court seeking a declaration that the insurers of Masse and Superior, including State National,

---

[87] *See id.* at 393–94.
[88] *See Sherwin-Williams*, 343 F.3d at 394 n.5.
[89] The cross-claim was filed in 11-2375. R. Doc. 29.
[90] No. 11-2375, R. Doc. 135.
[91] State National's complaint in intervention was filed in 14-1933. The complaint in intervention can be found at Record Document 132 in the master case, 11-2375.

owe Allied duties to defend and indemnify.[92] State National's federal cross-claims, its complaint in intervention, and Allied's third-party demand filed in state court are parallel, as they all seek a declaration as to State National's duty to defend and indemnify Allied as an additional insured under State National's policies issued to Masse and Superior. As a result, the first *Trejo* factor weighs against exercising jurisdiction.

2. *Suit Filed in Anticipation of Lawsuit*

The *St. Pierre* lawsuit was filed on December 8, 2010,[93] and the *Adams* lawsuit was filed on December 28, 2010.[94] In this Court, State National filed its cross-claim against Superior on March 8, 2012 and against Allied on January 14, 2015.[95] State National filed its complaint in intervention against Masse and Allied in federal court on April 13, 2016.[96] Allied's cross-claim against State National was filed in state court on August 18, 2016.[97] State National likely was aware that its insurance coverage of Masse and Superior as insureds or Allied as an additional insured would become an issue in the pending Consolidated State-Court Lawsuit. Therefore, State National may have filed its cross-claims and complaint in intervention in anticipation of becoming a party to the pending Consolidated State-Court Lawsuit.[98] The second *Trejo* factor weighs against exercising jurisdiction.[99]

---

[92] *See* R. Doc. 443-15.
[93] R. Doc. 443-12.
[94] R. Doc. 443-3.
[95] R. Docs. 29, 135.
[96] *Great American E&S Ins. Co. v. Masse Contracting, Inc., et al.*, No. 16-2490 (E.D. La.).
[97] R. Doc. 443-15.
[98] *See Great Am. Ins. Co. v. Cumberland Inv. Grp., LLC*, No. 13-4763, 2013 WL 5755641, at *4 (E.D. La. Oct. 23, 2013) (noting the plaintiff "was aware the issue of its insurance coverage of [the defendant] would be at issue in the pending state court proceeding," concluding that "it can be assumed that [the plaintiff] filed for Declaratory Judgment on June 10, 2013 in anticipation of becoming a party to that pending state court action," and finding the second *Trejo* factor weighs against exercising jurisdiction).
[99] *See U.S. Fire*, 2015 WL 1416490, at *4.

3.    *Forum Shopping*

That State National could have intervened and requested declaratory judgment in the Consolidated State-Court Lawsuit does not necessarily demonstrate forum shopping.[100] Courts are less likely to find forum shopping where, as here, (1) a foreign insurer files a diversity action in federal court, and (2) the selection of the federal forum does not change the applicable law.[101] "The record does not support a finding that [State National] engaged in impermissible forum shopping by filing this declaratory judgment suit."[102] The third *Trejo* factor weighs in favor of exercising jurisdiction.

4.    *Inequities*

The Court cannot conceive of any inequities that flow from allowing State National to proceed in this action while the Consolidated State-Court Lawsuit remains pending. No party will be prejudiced if this Court decides whether State National has a duty to defend Masse or Superior as insureds or Allied as an additional insured before resolution of the Consolidated State-Court Lawsuit. The fourth *Trejo* factor weighs in favor of exercising jurisdiction.

5.    *Convenience of Federal Forum*

The Consolidated State-Court Lawsuit is pending in the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana.[103] The state courthouse for the 17th Judicial District Court for Lafourche Parish is approximately 60 miles west of the federal courthouse in New Orleans. No party argues that this forum is inconvenient or that either

---

[100] *See id.*
[101] *See Sherwin-Williams*, 343 F.3d at 399.
[102] *Id.* at 400. *See also Ironshore Specialty Ins. Co. v. Tractor Supply Co.*, 624 F. App'x 159, 167 (5th Cir. 2015) (per curiam).
[103] *See* R. Docs. 443-3, 443-4, 443-5, 443-6, 443-7, 443-8, 443-9 (*Adams* Petitions for Damages); R. Doc. 443-12 (*St. Pierre* Petition for Damages).

forum is more convenient than the other for the parties or for the witnesses. This factor is neutral.[104]

### 6. *Judicial Economy*

State National's cross-claim against Superior has been pending for more than five years,[105] and its cross-claim against Allied has been pending for more than two years.[106] State National's complaint in intervention against Masse has been pending for more than two years.[107] All cases surrounding this controversy have been before this Court for over five years. The issue of whether State National has a duty to defend Masse or Superior as insureds or Allied as an additional insured in the Consolidated State-Court Lawsuit has been fully briefed before this Court. Exercising jurisdiction is in the interest of judicial economy.[108] This factor weighs in favor of exercising jurisdiction.

### 7. *Interpretation of Decree from Parallel State Proceeding*

Although a part of the Consolidated State-Court Lawsuit and this action are parallel, filings by Allied in state court seeking a declaration of its rights to defense and indemnity were made after the filing of State National's cross-claims and complaint in intervention in this Court.[109] This Court is unaware of a ruling by the state court on the

---

[104] *See GlobalSantaFe Drilling Co. v. Quinn*, No. 12-1987, 2012 WL 4471578, at *4 (E.D. La. Sept. 26, 2012) ("It does not appear that the Eastern District of Louisiana is any more convenient or less convenient of a forum; the parties are located outside the state but the witnesses are located within. Therefore, this factor is neutral." (citations omitted)); *Great Am. Ins. Co. v. Cumberland Inv. Grp., LLC*, No. 13-4763, 2013 WL 5755641, at *5 (E.D. La. Oct. 23, 2013); *Gemini Ins. Co. v. Turner Indus. Grp., LLC*, No. 13-05922, 2014 WL 3530475, at *5 (E.D. La. July 16, 2014).

[105] R. Doc. 29.

[106] R. Doc. 135.

[107] R. Doc. 132.

[108] *See Ironshore*, 624 F. App'x at 168 (finding that the judicial economy factor weighed against dismissal when the parties had "already fully briefed the insurance coverage issues to the district court and entered into extensive factual stipulations"); *Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.*, 149 F.3d 371, 373 (5th Cir. 1998) (finding that judicial economy weighed against dismissal in part because "there [were] no factual disputes between the parties and . . . they have fully briefed the merits of the insurance issues").

[109] R. Doc. 443-15. Allied filed its third-party demand on August 18, 2016, months after State National filed its complaint in intervention in federal court on January 14, 2015.

issue of Allied's rights to defense or indemnity, and there is no indication that such a ruling is imminent. This Court need not interpret any decree issued in the Consolidated State-Court Lawsuit to determine whether State National has a duty to defend Allied. The seventh *Trejo* factor weighs in favor exercising jurisdiction.[110]

Four of the *Trejo* factors weigh in favor of exercising jurisdiction, while two weigh against and one is neutral. The Court will exercise its discretion to hear the declaratory judgment action on State National's duty to defend Allied.

## ALLIED'S STATUS AS AN ADDITIONAL INSURED UNDER STATE NATIONAL'S POLICIES

State National seeks summary judgment on Allied's status as an additional insured under its policies issued to Masse and Superior and its duty to defend Allied as an additional insured under the State National policies with respect to claims made in the *Adams* and *St. Pierre* state-court lawsuits. Allied bears the burden of proving it is an "additional insured" under State National's policies.[111]

### 1. *State National's Policies Issued to Masse*

State National issued two marine general liability insurance policies to Masse that provided coverage from November 15, 2006 through November 15, 2007 and November 15, 2007 through November 15, 2008 ("Masse Policies").[112]

---

[110] *Ironshore*, 624 F. App'x at 168 ("The seventh and last factor . . . weighs against dismissal. There is no need to construe a state judicial decree to resolve the issues in this case."). *See also U.S. Fire*, 2015 WL 1416490, at *5.

[111] Because the Court finds that Allied is not an additional insured under State National's policies, the Court did not engage in an analysis with respect to Louisiana's "Eight-Corners Rule." If the Court had engaged in this analysis, the result would be the same, as the State National policies unambiguously exclude coverage for the allegations of the *Adams* and *St. Pierre* plaintiffs.

[112] R. Docs. 242-3, 242-5.

State National argues Allied does not qualify as an "Insured" under the Masse Policies, and as a result, State National owes no duty to defend Allied in the *Adams* or *St. Pierre* lawsuits.[113]

The Masse Policies contain the following insuring agreement for bodily injury and property damage liability:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages because of "bodily injury" or "property damage" to which this insurance does not apply.[114]

The Masse Policies define an "Insured" as "any person or organization qualifying as such under SECTION II – WHO IS AN INSURED."[115] The "Who is an Insured" provision of the Masse Policies provides:

I. If you are designated in the Declarations as:

***

> d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.[116]

Thus, to qualify as an "Insured" under the Masse Policies, Allied must either be named as an insured in the Declarations, an executive officer, director, or stockholder of the insured named in the Declarations, or Allied must be granted additional insured status by an endorsement in the policy.

---

[113] R. Doc. 445-1.
[114] R. Docs. 242-3 at 4; 242-5 at 4.
[115] R. Doc. 242-3 at 4; R. Doc. 242-5 at 10.
[116] R. Doc. 242-3 at 4; R. Doc. 242-5 at 10.

In the Declarations section of the policy, the Named Insured is Masse Contracting Inc.[117] Allied has offered no evidence or argument that it was an executive officer, director, or stockholder of Masse Contracting, Inc. during the period the Masse Policies were in effect.[118] The issue, then, is whether the Masse Policies contain an endorsement under which Allied qualifies as an additional insured such that it is entitled to coverage from State National.

a. *Additional Insured Endorsement*

The Masse Policies contain an endorsement entitled "Additional Insured – Owners, Lessees or Contractors (Form B)" ("Additional Insured Endorsement").[119] The Additional Insured Endorsement provides:

> This endorsement modifies insurance provided under the following: COMMERCIAL GENERAL LIABILITY COVERAGE PART.
>
> SCHEDULE
>
> Name of Person or Organization: As Required by written contract.
>
> ***
>
> WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of "your work" for that insured by or for you.[120]

State National argues Allied does not qualify as an additional insured under the Masse Policies because there exists no complete, enforceable written contract requiring Masse to name Allied as an additional insured, and thus the Additional Insured

---

[117] R. Doc. 242-3 at 2; R. Doc. 242-3 at 3.
[118] R. Doc. 444-2 at 3, ¶ 8; R. Doc. 492 at 2, ¶ 8.
[119] R. Doc. 242-4 at 25; R. Doc. 242-6 at 15.
[120] R. Doc. 242-4 at 25; R. Doc. 242-6 at 15. The Masse Policies define "your work" as "(1) [w]ork or operations performed by you or on your behalf; and (2) [m]aterials, parts or equipment furnished in connection with such work or operations." R. Doc. 242-3 at 16; R. Doc. 242-5 at 16. "Your work" includes "(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of 'your work'; and (2) [t]he providing of or failure to provide warnings and instructions." *Id.*

Endorsement is not triggered.[121] State National argues the 1995 Master Work Contract, under which Allied claims it should be afforded additional insured status, does not require "by written contract" that Allied be named as an additional insured because it does not constitute a complete and enforceable agreement for Masse to perform work for Allied.[122] According to State National, Allied must present evidence of purchase orders or other agreements to prove the existence of a written contract between Allied and Masse.

The 1995 Master Work Contract provides Allied and Masse "desire to make an agreement whereby [Masse] would furnish labor, services, equipment, and/or materials . . . to [Allied's] customers."[123] Further, the Master Work Contract provides "If at any time during the term hereof, [Allied] desires work to be performed for a particular job or project, [Allied] shall advise [Masse] of the particulars of the work and the location thereof. . . . Nothing herein shall require that [Allied] use [Masse's] services, and [Masse] shall not be required to work for [Allied] hereunder."[124]

Master service contracts like the 1995 Master Work Contract between Masse and Allied "do not provide for any specific work or services to be performed, but refer in general terms of a need by one party for labor, services or materials, and the desire on the part of the other to furnish the same. Specific services are later called for under the master services agreement by work orders, purchase orders or simply invoices."[125]

---

[121] R. Doc. 465-1.
[122] R. Doc. 465-1.
[123] R. Doc. 234-7 at 1.
[124] *Id.* at 1–2.
[125] *Livings v. Service Truck Lines of Tex., Inc.*, 467 So. 2d 595, 600 (La. Ct. App. 3 Cir. 4/10/1985).

The 1995 Master Work Contract—standing alone—is not a binding contract between Masse and Allied.[126] The Master Work Contract provided only the framework for subsequent contracts resulting from purchase orders or other agreements that both Masse and Allied remained free to accept or reject.[127] Put another way, the Master Work Contract only "sets forth [Masse and Allied's] agreement to abide by certain terms should they enter into contractual relations in the future."[128]

A binding contract under the Master Work Contract "[does] not come into existence until after the offer and acceptance of an individual work order."[129] "Each work order issued that incorporates the terms of the [Master Work Contract] is . . . a separate and independent contract."[130] No valid obligation arises until Allied requests the services of Masse, and, at that point, the terms of the Master Work Contract are incorporated automatically into the contract to perform the specified services.[131] The Master Work Contract does not state whether, when, or where Masse would be required to perform services for Allied; nor does the Master Work Contract state whether, when, or where Allied was required to request services from Masse.[132] For a contractual obligation to

---

[126] *Hebert v. Kerr-McGee Corp.*, 618 F. Supp. 767, 772–73 (W.D. La. Aug 22, 1985) ("[A] master service agreement does not itself bind the parties to perform any services. It merely sets forth their agreement to abide by certain terms should they contract to perform services in the future.").

[127] *See Matte v. Zapata Offshore Co. v. Timco, Inc.*, 784 F.2d 628, 630 (5th Cir. 1986); *see also Page v. Gulf Oil Corp.*, 775 F.2d 1311 (5th Cir. 1985) (finding the master service agreement "merely sets out the rules of the game in the event that the parties decide to play ball").

[128] *Moser v. Aminoil, U.S.A., Inc.*, 618 F. Supp. 774, 779 (W.D. La. Aug. 22, 1985). "At best, the master service agreement creates a contingent and speculative obligation that is subject to a purely potestative suspensive condition on the part of the obligee, which obligation does not become valid and enforceable until the condition is fulfilled." *Id.*

[129] *Matte*, 784 F.2d at 630.

[130] *Hebert*, 718 F. Supp. at 773.

[131] *See Moser*, 618 F. Supp. at 779.

[132] *Page*, 755 F.2d at 1315.

arise, Allied would have to request the services of Masse, and Masse would have to accept such a request.[133]

Allied, as the party seeking additional insured status, bears the burden at trial of proving its insured status. State National, as the moving party on summary judgment, must submit affirmative evidence that negates an essential element of Allied's claim or demonstrate there exists no record evidence to establish an essential element of Allied's claim. State National proceeds under the second option, arguing there are no purchase orders or other agreements between Allied and Masse in the record that would create a complete and enforceable contractual relationship sufficient to satisfy the "As Required by written contract" requirement of the Additional Insured Endorsement.[134] Because State National demonstrated no record evidence exists with respect to purchase orders or other agreements between Masse and Allied, the burden shifts to Allied to present summary-judgment evidence of purchase orders or other agreements between it and Masse sufficient to create a genuine factual dispute with respect to whether an enforceable contractual relationship exists that would satisfy the "As Required by written contract" requirement in the Additional Insured Endorsement. In its opposition to State National's motion for summary judgment, Allied failed to address State National's argument with respect to this issue, and more importantly, failed to attach summary-judgment evidence of purchase orders or other agreements between Masse and Allied.

As a result, Allied has not raised a genuine issue of material fact with respect to whether there is a binding contract requiring Masse to name Allied as an additional

---

[133] In fact, the Master Work Contract states "In the event of a conflict between the terms of a[n] [Allied] purchase order issued in connection herewith and this [Master Work] Contract, the terms and conditions of the purchase order shall govern the agreement of the parties." R. Doc. 234-7 at 2.
[134] R. Doc. 465-1 at 10–12.

insured. Allied has not met its burden of proving its status as an additional insured under the Masse Policies. As a result, State National is entitled to summary judgment that Allied is not an additional insured under the Additional Insured Endorsement. State National has no duty to defend Allied as an additional insured on the Masse Policies against claims in the *Adams* or *St. Pierre* lawsuits.

2. *State National's Policies Issued to Superior*

State National issued two marine general liability insurance policies to Superior that provided coverage from July 11, 2007 through July 11, 2008 and July 11, 2008 through July 11, 2009 ("Superior Policies").[135]

State National argues Allied does not qualify as an "Insured" under the Superior Policies, and as a result, State National owes no duty to defend Allied in the *Adams* or *St. Pierre* lawsuits.[136]

The Superior Policies contain the following insuring agreement for bodily injury and property damage liability:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages because of "bodily injury" or "property damage" to which this insurance does not apply.[137]

The "Who is an Insured" provision of the Superior Policies provides:

I. If you are designated in the Declarations as:

***

> d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your

---

[135] R. Docs. 245-3; 245-5.
[136] R. Doc. 446-1.
[137] R. Docs. 245-3 at 7; 245-5 at 9.

officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.[138]

Thus, to qualify as an "Insured" under the Superior Policies, Allied must either be named as an insured in the Declarations, an executive officer, director, or stockholder of the insured named in the Declarations, or Allied must be granted additional insured status by an endorsement in the policy.

In the Declarations section of the policy, the Named Insured is Superior Labor Services, Inc.[139] Allied has offered no evidence or argument that it was an executive officer, director, or stockholder of Superior Labor Services, Inc. during the period the Superior Policies were in effect. The issue, then, is whether the Superior Policies contain an endorsement under which Allied qualifies as an additional insured such that it is entitled to coverage from State National.

The Superior Policies contain an endorsement entitled "Additional Insured – Owners, Lessees or Contractors (Form B)" ("Additional Insured Endorsement").[140] The Additional Insured Endorsement provides:

This endorsement modifies insurance provided under the following: COMMERCIAL GENERAL LIABILITY COVERAGE PART.

SCHEDULE

Name of Person or Organization: As Required by written contract.

***

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of "your work" for that insured by or for you.[141]

---

[138] R. Doc. 245-3 at 13; R. Doc. 245-5 at 15.
[139] R. Doc. 245-3 at 4; R. Doc. 245-3 at 4.
[140] R. Doc. 245-4 at 23; R. Doc. 245-6 at 24.
[141] R. Doc. 242-4 at 25; R. Doc. 242-6 at 15. The Superior Policies define "your work" as "(1) [w]ork or operations performed by you or on your behalf; and (2) [m]aterials, parts or equipment furnished in connection with such work or operations." R. Doc. 245-3 at 19; R. Doc. 245-5 at 21. "Your work" includes "(1) Warranties or representations made at any time with respect to the fitness, quality, durability,

State National argues Allied does not qualify as an additional insured under the Superior Policies because there exists no complete, enforceable written contract requiring Superior to name Allied as an additional insured, thus triggering the Additional Insured Endorsement.[142] State National argues the 2006 Master Work Contract, under which Allied claims it should be afforded additional insured status, cannot alone bind Allied and Superior because it does not constitute a complete and enforceable agreement for Superior to perform work for Allied.[143] According to State National, Allied must present evidence of purchase order or other agreements to prove the existence of a contract between Allied and Superior.

The 2006 Master Work Contract states Allied and Superior "desire to make an agreement whereby [Superior] would furnish labor, services, equipment, and/or materials . . . to [Allied's] customers."[144] Further, the 2006 Master Work Contract provides "If at any time during the term hereof, [Allied] desires work to be performed for a particular job or project, [Allied] shall advise [Superior] of the particulars of the work and the location thereof. . . . Nothing herein shall require that [Allied] use [Superior's] services, and [Superior] shall not be required to work for [Allied] hereunder."[145]

The relevant language of the Superior Policies and 2006 Master Work Contract between Superior and Allied are identical to the language of the Masse Policies and 1996 Master Work Contract between Masse and Allied. As a result, the Court's analysis with respect to Allied's status as an additional insured under the Masse Policies applies to the

---

performance or use of 'your work'; and (2) [t]he providing of or failure to provide warnings and instructions." *Id.*
[142] R. Doc. 466-1.
[143] R. Doc. 466-1.
[144] R. Doc. 234-7 at 1.
[145] *Id.* at 1–2.

Superior Policies, as well. With respect to State National's motion for summary judgment that Allied is not an additional insured under the Superior Policies, Allied has failed to present summary-judgment evidence of purchase orders or other agreements between Allied and Superior to create a genuine factual dispute with respect to whether the "As Required by written contract" requirement in the Additional Insured Endorsement is satisfied. As a result, there exists no genuine dispute of material fact with respect to whether an enforceable contractual relationship between Superior and Allied exists that would trigger coverage for Allied under the Additional Insured Endorsement. Accordingly, State National is entitled to summary judgment that Allied is not an additional insured under the Superior Policies. State National has no duty to defend Allied as an additional insured on the Superior Policies against claims in the *Adams* or *St. Pierre* lawsuits.

## CONCLUSION

**IT IS ORDERED** that State National's Motion for Summary Judgment with respect to Allied's status as an additional insured and to State National's duty to defend Allied in the *Adams* and *St. Pierre* lawsuits as an additional insured under its policies issued to Masse is **GRANTED**.[146]

---

[146] R. Doc. 445.

**IT IS FURTHER ORDERED** that State National's Motion for Summary Judgment with respect to Allied's status as an additional insured and State National's duty to defend Allied in the *Adams* and *St. Pierre* lawsuits as an additional insured under its policies issued to Superior is **GRANTED**.[147]

New Orleans, Louisiana, this 12th day of July, 2017.

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[147] R. Doc. 446.