UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HANOVER INSURANCE COMPANY,<br>    Plaintiff<br><br>VERSUS<br><br>SUPERIOR LABOR SERVICES,<br>INC., ET AL.,<br>    Defendants | CIVIL ACTION<br><br>No. 11-2375 c/w<br>14-1930, 14-1933,<br>16-2490<br><br>SECTION "E" |

*Applies to:* 16-2490

## ORDER AND REASONS

Before the Court is a motion to dismiss filed by the Gray Insurance Company ("Gray").[1] Great American Excess and Surplus Insurance Company's ("Great American") opposes the motion.[2] For the reasons set forth below, Gray's motion is **GRANTED**.

## BACKGROUND

A. Consolidated State-Court Lawsuit

The case originates from two state-court personal-injury actions, now consolidated[3] ("Consolidated State-Court Lawsuit") against Allied Shipyard, Inc. ("Allied"): (1) *Adams, et al. v. Allied Shipyard, Inc., et al.* and (2) *St. Pierre, et al. v. Allied Shipyard, Inc.*[4] The plaintiffs in the Consolidated State-Court Lawsuit allege Allied negligently performed sandblasting activities and they seek resulting damages.

In the Consolidated State-Court Lawsuit, Allied filed a third-party demand against its contractors who performed the sandblasting jobs, including Superior and

---

[1] R. Doc. 472.
[2] R. Doc. 480.
[3] The two cases were consolidated in state court on September 9, 2013. *See* R. Doc. 261-5.
[4] R. Docs. 443-3, 443-4, 443-5, 443-6, 443-7, 443-8, 443-9 (*Adams* Petitions for Damages); R. Doc. 443-12 (*St. Pierre* Petition for Damages).

1

Masse.[5] Specifically, Allied alleges that Superior and Masse contracted with Allied to perform certain tasks and to indemnify Allied under master work contracts.[6] Allied seeks to be named as an additional insured on Superior and Masse's insurance policies, and seeks indemnity from Superior and from Masse with respect to the claims in the Consolidated State-Court Lawsuit.[7]

The plaintiffs in *Adams* amended their petition to name Superior, Masse, other subcontractors, and Gray Insurance Company as direct defendants.[8]

The third-party-defendant contractors "in turn sought coverage, defense and/or indemnity from their various insurers for the periods of time when these jobs were allegedly performed, which prompted the insurers to file lawsuits in federal courts."[9]

On August 18, 2016, Allied filed a cross-claim and third-party demand in state court against its direct insurer, Gray, and against Masse and Superior's insurers, including State National, seeking a declaration that it has a right to defense and indemnity as well as a declaration of its status as an additional insured under Masse and Superior's policies.[10]

On August 22, 2016, Gray filed its answer and a cross-claim in state court against the insurers of Masse and Superior—including Great American—asserting claims for indemnity, contribution, subrogation and/or conventional subrogation based on the costs of defense Gray has paid on behalf of Allied.[11]

---

[5] *See* R. Docs. 443-10, 443-11, 443-13, 443-14.
[6] *See* R. Docs. 443-10, 443-11, 443-13, 443-14.
[7] *See* R. Docs. 443-10, 443-11, 443-13, 443-14.
[8] *See* R. Docs. 443-3, 443-4, 443-5, 443-6, 443-7, 443-8, 443-9.
[9] R. Doc. 174-1 at 2.
[10] *See* R. Doc. 443-15.
[11] R. Doc. 472-2.

The *Adams* plaintiffs filed their sixth amended petition in state court on April 29, 2016.[12] The *St. Pierre* plaintiffs have not amended their original petition, which was filed on December 8, 2010.[13]

B. <u>Declaratory Actions in Federal Court</u>

Four federal actions related to the Consolidated State-Court Lawsuit are pending in this Court. The Court consolidated the first three cases—11-2375, 14-1930, and 14-1933—on November 21, 2014, and consolidated 16-2490 with those cases on August 10, 2016.[14]

   *1. No. 11-2375*

On September 21, 2011, Hanover Insurance Company ("Hanover") filed a complaint in this Court.[15] Hanover filed an amended complaint on September 27, 2012.[16] Hanover alleges it has been participating in the defense of Superior against Allied's third-party demands in the Consolidated State-Court Lawsuit.[17] Hanover maintains the other insurers it names in its federal suit "are not participating in Superior's defense" in the Consolidated State-Court Lawsuit.[18] Hanover seeks judgment against Superior declaring that it has no duty to defend or indemnify Superior in the Consolidated State-Court Lawsuit.[19] If Hanover has a duty to defend or indemnify Superior, Hanover seeks declaratory judgment that State National Insurance Company ("State National"), Arch Insurance Company ("Arch"), and "other unidentified insurance companies collectively

---

[12] R. Doc. 443-9.
[13] R. Doc. 443-12.
[14] *See* R. Docs. 108, 368.
[15] *Hanover Ins. Co. v. Superior Labor Servs., Inc., et al.*, No. 11-2375.
[16] R. Doc. 69.
[17] *Id.* at ¶¶ 23–24.
[18] *Id.* at ¶ 26.
[19] *Id.* at ¶¶ 22–23.

named as ABC Insurance Company" are liable "for their share of defense and indemnity to be paid on behalf of Superior" in the Consolidated State-Court Lawsuit.[20] Hanover also seeks reimbursement, contribution, and/or damages from State National, Arch, and other unidentified insurance companies for defense costs already incurred by Hanover on behalf of Superior in the Consolidated State-Court Lawsuit that, Hanover argues, should have been paid by those insurance companies.[21]

On January 14, 2015, Hanover filed a second supplemental and amending complaint naming Allied as a defendant.[22] Hanover alleges that "Allied has tendered the [Consolidated State-Court Lawsuit] to Hanover for defense and indemnity in its capacity as an alleged additional insured" under Superior's policies, and Hanover has offered to participate in Allied's defense in the Consolidated State-Court Lawsuit subject to a full reservation of rights.[23] Hanover alleges that Allied is not an additional insured under Hanover's policies, and Hanover seeks judgment against Allied declaring that it has no duty to defend or indemnify Allied in the Consolidated State-Court Lawsuit.[24] In the alternative, if the Court finds Hanover has a duty to defend or indemnify Allied, Hanover seeks judgment declaring that Arch, State National, and other unidentified insurance companies are obligated to pay their portions of defense costs and/or indemnity incurred by Hanover on behalf of Superior and Allied in the Consolidated State-Court Lawsuit.[25]

---

[20] *Id.* at ¶ 2.
[21] *Id.* at ¶ 3.
[22] R. Doc. 125.
[23] *Id.* at ¶ 79.
[24] *Id.* at 9.
[25] *Id.* The Court denied Hanover's motions for partial summary judgment on its duty to defend Masse, Superior, and Allied as an additional insured in both the *Adams* and *St. Pierre* lawsuits. R. Docs. 341, 342.

On March 8, 2012, State National filed a crossclaim for declaratory judgment against Superior.[26] State National filed its first amended crossclaim for declaratory judgment on September 27, 2012.[27] State National filed a second amended crossclaim for declaratory judgment on January 14, 2015, naming Allied as a defendant-in-crossclaim.[28] State National seeks judgment declaring that there is no coverage afforded to Superior under the State National policies issued to Superior and that State National has no duty to defend or indemnify Superior in the Consolidated State-Court Lawsuit.[29] State National also seeks a declaration that the State National policies afford no coverage to Allied as a purported additional insured and that State National does not owe a duty to defend or indemnify Allied in the Consolidated State-Court Lawsuit.[30]

   2. *No. 14-1930*

On August 22, 2014, Arch Insurance Company brought an action for declaratory judgment against Superior and Allied.[31] Arch seeks a declaration of its rights and responsibilities under "certain insurance policies issued by Arch to Superior," with respect to Superior's request for defense and indemnity in the Consolidated State-Court Lawsuit.[32] Arch also seeks a declaration of its rights and responsibilities with respect to Allied's request for additional insured status under the Superior policies and defense and

---

[26] R. Doc. 29.
[27] R. Doc. 67.
[28] R. Doc. 135.
[29] *Id.* at ¶ 19.
[30] *Id.* The Court granted State National's motion for summary judgment, finding it had no duty to defend Masse, Superior, and Allied as an additional insured in the *Adams* lawsuit, and denied State National's motion for summary judgment, finding it had a duty to defend Masse, Superior, and Allied as an additional insured in the *St. Pierre* lawsuit. R. Doc. 347. The Court declined to rule on any insurer's duty to indemnify until the underlying state-court proceedings in the *Adams* and *St. Pierre* matters are resolved. R. Doc. 426 at 5.
[31] *Arch Ins. Co. v. Superior Labor Servs., Inc. et al.*, No. 14-1930.
[32] No. 14-1930, R. Doc. 1 at ¶ 3.

5

indemnity of Allied in the Consolidated State-Court Lawsuit.[33] Arch seeks a declaration against Superior and Allied that Arch has no defense or indemnity obligation to Superior or Allied in the Consolidated State-Court Lawsuit.[34] Arch also seeks recovery of the portion of defense costs already incurred by it on behalf of Superior.[35]

### 3. *No. 14-1933*

On August 22, 2014, Arch also filed an action for declaratory judgment against Masse and Allied. Arch seeks a declaration of its rights and responsibilities under "certain insurance policies issued by Arch to Masse," with respect to Masse's request for defense and indemnity in the Consolidated State-Court Lawsuit.[36] Arch also seeks a declaration of its rights and responsibilities with respect to Allied's request for additional insured status under the Masse policies and defense and indemnity of Allied in the Consolidated State-Court Lawsuit.[37] Arch seeks a declaration against Masse and Allied that Arch has no defense or indemnity obligation to Masse in the Consolidated State-Court Lawsuit.[38]

On January 14, 2015, Hanover filed a complaint in intervention in Case No. 14-1933 against Defendants Masse and Allied.[39] Hanover seeks judgment declaring that Hanover has no obligation to defend or indemnify Masse or Allied in the State-Court Lawsuits.[40]

---

[33] *Id.* at ¶ 4.
[34] *Id.* at ¶¶ 21, 47.
[35] *Id.* at ¶ 47. The Court denied with prejudice Arch's motions for summary judgment finding it had a duty to defend Masse and Superior as insureds and Allied as an additional insured in the *Adams* and *St. Pierre* lawsuits. R. Doc. 418. The Court denied without prejudice Arch's motions for summary judgment with respect to Arch's duty to indemnify Masse and Superior as insureds and Allied as an additional insured.
[36] No. 14-1933, R. Doc. 1 at ¶ 3.
[37] *Id.* at ¶ 4.
[38] *Id.* at ¶ 46.
[39] R. Doc. 128.
[40] *Id.*

6

State National also filed a complaint in intervention for declaratory judgment on January 14, 2015 naming as defendants Masse and Allied.[41] State National issued two marine general liability policies to Masse that provided coverage from November 15, 2006, to November 15, 2007, and from November 15, 2007, to November 15, 2008.[42] Allied seeks additional insured status under the policies issued by State National to Masse.[43] State National seeks a judgment declaring there is no coverage afforded to Masse under the State National policies and that State National has no duty to defend or indemnify Masse in the Consolidated State-Court Lawsuit.[44] State National also seeks a declaration that "there is no coverage afforded to Allied under the [State National] policies as a purported additional insured" and that State National does not owe a duty to defend or indemnify Allied in the Consolidated State-Court Lawsuit.[45]

On April 13, 2016, Lexington intervened in Arch's declaratory judgment action in its capacity as an insurer of Masse, and likewise, sought determinations of coverage for Masse as an insured and Allied as an additional insured for the claims asserted in the underlying Consolidated State-Court Lawsuit.[46] Lexington issued two commercial general liability policies to Masse—one in effect from February 16, 2000 to February 16, 2001 ("2000-2001 Lexington Policy") and another in effect from November 15, 2008 to November 15, 2009 ("2008-2009 Lexington Policy").[47]

---

[41] R. Doc. 132.
[42] *Id.* at ¶ 14.
[43] *Id.* at ¶ 3.
[44] *Id.* at ¶ 19.
[45] *Id.*
[46] No. 11-2375, R. Doc. 354.
[47] *Id.*

*4. 16-2490*

On March 25, 2016, Great American filed a complaint in this Court.[48] Great American filed an amended complaint on August 26, 2016, naming Gray as an additional defendant.[49] Great American seeks a declaration of its rights and responsibilities relating to its duties to defend or indemnify Masse as an insured or Allied as an additional insured under the Great American Policies with respect to the claims in the *Adams* and *St. Pierre* lawsuits.[50] If Great American has a duty to defend or indemnify Masse as an insured or Allied as an additional insured in the Consolidated State-Court Lawsuit, Great American seeks declaratory judgment that "any such obligation should be proportionate to its time on the risk as compared to the period of time during which the underlying Plaintiff's toxic exposures allegedly occurred."[51] Alternatively, if Great American has a duty to defend or indemnify Masse as an insured or Allied as an additional insured, Great American seeks declaratory judgment that Great American is entitled to contribution from Masse and Allied's insurers, including Gray.[52]

C. Gray's Motion to Dismiss

Gray filed its motion to dismiss on March 30, 2017, seeking dismissal of Great American's claim against it.[53] Gray argues Great American's complaint for declaratory judgment against Gray should be dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) because there exists no justiciable case or controversy between Great

---

[48] *Great American E&S Ins. Co. v. Masse Contracting, Inc., et al.*, No. 16-2490 (E.D. La.).
[49] R. Doc. 371.
[50] *Id.* at ¶¶ 38–48.
[51] *Id.* at ¶ 50.
[52] *See* R. Doc. 371. In its opposition to Gray's motion to dismiss, Great American states Gray was "inadvertently omitted from the list of insurers that are alleged to owe contribution" in paragraph 52. R. Doc. 480 at 3, n.7. Paragraph 7 of the prayer for relief in the amended complaint, however, includes Gray as a defendant. R. Doc. 371. Based on this representation and the language in the prayer, the Court will treat Great American's amended complaint as though Gray had been named in paragraph 52.
[53] R. Doc. 472.

8

American and Gray.⁵⁴ Further, Gray contends Great American's complaint in intervention fails to state a claim against Gray, and therefore should be dismissed under Rule 12(b)(6).⁵⁵

**CONSIDERATION OF DECLARATORY JUDGMENT ACTIONS**

Great American asserts a declaratory judgment action (1) against Masse as an insured and Allied as an additional insured seeking a declaration of its duty to defend and indemnify Masse and Allied, (2) against Masse as an insured, Allied as an additional insured, and Masse and Allied's other insurers seeking a declaration that, in the event Great American has a duty to defend or indemnify Masse or Allied, its obligation would be proportional to its time on the risk, and (3) against the other insurers of Masse and Allied, seeking contribution for any defense costs that may arise.⁵⁶ On August 26, 2016, Great American filed an amended complaint for declaratory relief, naming Gray as a defendant.⁵⁷

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides in pertinent part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.⁵⁸

The Fifth Circuit has explained that, when considering a declaratory judgment action, a district court must engage in a three-step inquiry to determine whether to decide

---

⁵⁴ *Id.*
⁵⁵ *Id.*
⁵⁶ No. 16-2490.
⁵⁷ R. Doc. 371. *See also, supra*, note 52.
⁵⁸ 28 U.S.C. § 2201.

9

or dismiss a complaint for declaratory relief.[59] First, the Court must determine whether the action is justiciable.[60] Second, the Court must determine whether it has the authority to grant declaratory relief.[61] Third, the Court must determine "how to exercise its broad discretion to decide or dismiss a declaratory judgment action."[62] Great American is seeking declaratory relief on Gray's and other insurers' obligation to contribute to the cost of Great American's defense and indemnification of Allied in the event Great American is found to have a duty to defend or indemnify Allied. The Court must first determine whether it has subject-matter jurisdiction over Great American's claim against Gray. To do so, the Court must determine whether there exists a justiciable controversy between Great American and Gray.

A.  Justiciable Controversy

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[63] A motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction.[64] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[65] "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts."[66]

---

[59] *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). *See also Aggreko, LLC v. Am. Home Assur. Co.*, No. 14-1215, 2014 WL 6901376, at *3 (E.D. La. Dec. 5, 2014).
[60] *Id.*
[61] *Id.*
[62] *Id.*
[63] *In re FEMA*, 668 F.3d at 286.
[64] *See* Fed. R. Civ. P. 12(b)(1).
[65] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citations omitted).
[66] *In re FEMA*, 668 F.3d at 287.

"Article III of the United States Constitution limits the jurisdiction of federal courts to actual 'Cases' and 'Controversies.'"[67] The Declaratory Judgment Act's restriction of federal court jurisdiction to actual controversies extends to the constitutional limit of "cases and controversies" set forth in Article III.[68] The Declaratory Judgment Act "is designed to permit adjudication of claims only where there is an actual case or controversy and an adjudication would serve a useful purpose."[69] As the Fifth Circuit has explained:

> The federal courts established pursuant to Article III of the Constitution do not render advisory opinions. For adjudication of constitutional issues concrete legal issues, presented in actual cases, not abstractions are requisite. This is as true of declaratory judgments as any other field. The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.[70]

Although there is no precise test for determining whether a "controversy" contemplated by the Declaratory Judgment Act exists, the Court is aware that "[t]he controversy must be 'real and substantial . . . admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."[71] The Supreme Court has held that "declaratory relief is appropriate under the Declaratory Judgment Act when a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal

---

[67] *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015) (citing U.S. CONST., art. III, § 2).
[68] *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 239 (1937).
[69] *Americas Ins. Co. v. Schlumberger Ltd.*, 111 F.3d 893 (5th Cir. 1997) (citing *Allstate Ins. Co. v. Employers Liab. Assur. Corp.*, 445 F.2d 1278, 1280 (5th Cir. 1971)).
[70] *Allstate*, 445 F.2d at 1280–81 (internal citations and quotation marks omitted).
[71] *Aetna*, 300 U.S. at 240.

interests."[72] The Fifth Circuit has explained that "[a] controversy, to be justiciable, must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop."[73]

The Court first notes that declaratory judgment actions are commonly used to settle disputes over insurance coverage,[74] but declaratory actions regarding insurance coverage ordinarily involve an insurer's duty to provide a defense to its insured. In this case, Great American seeks declaratory judgment with respect to its right to contribution from Masse and Allied's other insurers—including Gray—if Great American's duty to defend Masse or Allied is established. Gray only insures Allied. The Court has determined that Great American has no duty to defend Allied in the *St. Pierre* lawsuit,[75] and, as a result, the question of whether Gray must contribute to Great American for any costs to defend Allied in *St. Pierre* is moot. There has been no determination that Great American owes a duty to defend Allied in the *Adams* lawsuit.[76] Only *if* Great American is found to have a duty to defend Allied in the *Adams* lawsuit will the question of contribution between Great American and Gray arise. Under all the circumstances, the facts alleged do not show a substantial controversy, of sufficient immediacy and reality, to warrant the issuance of a declaratory judgment. The Court finds no case or controversy exists at this time between Great American and Gray. As a result, Great American's claims against Gray

---

[72] *Scottsdale Ins. Co. v. Bayou Land & Marine*, No. 98-3668, 1999 WL 777714, at *2 (E.D. La. Sept. 30, 1999) (citing *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).
[73] *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989) (*quoting Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967)).
[74] 10B CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2760 (4th ed.).
[75] R. Doc. 511.
[76] Great American's motion for partial summary judgment, R. Doc. 447, sought summary judgment only with respect to Great American's duty to defend Allied in the *St. Pierre* lawsuit. Great American has not sought a determination of its duty to defend Allied in the *Adams* lawsuit.

12

do not constitute a justiciable case or controversy, and Gray is entitled to dismissal for lack of subject-matter jurisdiction.

Even if there did exist a case or controversy between Great American and Gray, the Court lacks authority to hear Great American's declaratory judgment action against Gray, as discussed below.

B. The Court's Decision Whether to Hear Great American's Declaratory Judgment Action Against Gray—Mandatory Abstention

The Fifth Circuit has explained that "when a state lawsuit is pending, more often than not, issuing a declaratory judgment will be tantamount to issuing an injunction—providing the declaratory plaintiff an end run around the requirements of the Anti-Injunction Act."[77] The Fifth Circuit has provided an analysis for district courts to determine whether hearing a declaratory judgment action would allow a declaratory plaintiff an end run around the requirements of the Anti-Injunction Act. The district court should not consider the merits of a declaratory judgment action when (1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff; (2) the state case involves the same issues as those involved in the federal case; and (3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act.[78] The Fifth Circuit in *Jackson* held "if an injunction would be barred by [the Anti-Injunction Act], this should also bar the issuance of a declaratory judgment

---

[77] *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993) (citing *Tex. Emps. Ins. Ass'n v. Jackson*, 862 F.2d 491, 506 (5th Cir. 1988)). The Anti-Injunction Act states, "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.
[78] *Travelers*, 996 F.2d at 776 (citing *Jackson*, 862 F.2d at 506); *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 387 (5th Cir. 2003).

that would have the same effect as an injunction."[79] The presence of all three *Jackson* factors mandates abstention. The want of any one factor defeats mandatory abstention.[80]

The first factor in this analysis is met in this case. Gray, the declaratory defendant in the federal action, filed its cause of action against Great American in state court on August 22, 2016.[81] Great American, the declaratory judgment plaintiff in the federal action, filed its declaratory judgment action against Gray on August 26, 2016.[82] The second factor is met as Gray's state-court action against Great American raises the same issues as Great American's federal declaratory judgment action against Gray—contribution and indemnity among co-insurers.[83] The Court, then, must determine whether it is prohibited from enjoining the state proceedings under the Anti-Injunction Act, or whether an exception to the Anti-Injunction Act applies.

Under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."[84] The exceptions are to be interpreted narrowly and are "not to be enlarged by loose statutory construction."[85] Further, "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy."[86]

---

[79] *Jackson,* 862 F.2d at 506.
[80] *Sealed v. Sealed*, 33 F.3d 1379 (5th Cir. 1994).
[81] R. Doc. 472-2.
[82] No. 16-2490. The amended complaint for declaratory relief can be found at Record Document 371 in the master case, 11-2375.
[83] *See* R. Doc. 371 at 11, ¶ 52; R. Doc. 472-2 at 11, ¶ 14.
[84] 28 U.S.C. § 2283.
[85] *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988) (citations omitted).
[86] *Zurich Am. Ins. Co. v. Superior Court for State of California*, 326 F.3d 816, 824 (7th Cir. 2002).

The first exception to the Anti-Injunction Act applies when an injunction is expressly authorized by an Act of Congress. A federal law need not contain an express reference to the Anti-Injunction Act, nor does the law need to expressly authorize an injunction of a state court proceeding.[87] To qualify as an "expressly authorized" exception to the Anti-Injunction Act, "an Act of Congress must have created a specific and uniquely federal right or remedy, enforceable in a federal court of equity, that could be frustrated if the federal court were not empowered to enjoin a state court proceeding."[88] "The test . . . is whether an Act of Congress, clearly creating a federal right or remedy enforceable in a federal court of equity, could be given its intended scope only by the stay of a state court proceeding."[89] The Court is aware of no such federal law with respect to co-insurers' obligations to each other for contribution or indemnity when it is found that both co-insurers have duties to defend and indemnify the same insured. As a result, the first exception to the Anti-Injunction Act does not apply.

Neither does the second exception to the Anti-Injunction Act apply, as hearing Great American's declaratory judgment action is not necessary to aid in this Court's jurisdiction. The second exception of the Anti-Injunction Act allows a federal court to stay state proceedings when "necessary in aid of jurisdiction."[90] State courts may be enjoined when it is "necessary to prevent a state court from so interfering with a federal court's consideration of disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case."[91] "In cases decided under this exception, courts have

---

[87] *Mitchum v. Foster*, 407 U.S. 225, 237 (1972).
[88] *Id.*
[89] *Id.*
[90] 28 U.S.C. § 2283.
[91] *In re Corrugated Container Antitrust Litigation*, 659 F.2d 1332, 1334 (5th Cir. 1981) (quoting *Atlantic C.L.R.R. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970)).

15

interpreted the language narrowly, finding a threat to the court's jurisdiction only where a state proceeding threatens to dispose of property that forms the basis for federal in rem jurisdiction, or where the state proceeding threatens the continuing superintendence by a federal court, such as in a school desegregation case. In no event may the 'aid of jurisdiction' exception be invoked merely because of the prospect that a concurrent state proceeding might result in a judgment inconsistent with the federal court's decision."[92] Construing this exception narrowly, the Court finds that ruling on Great American's declaratory judgment action with respect to its claims against Gray is not necessary to preserve its jurisdiction over the case.

The third exception—the "relitigation exception"—also does not apply to this case. The relitigation exception permits an injunction to prevent state litigation of a claim or issue "that was previously presented to and decided by the federal court."[93] The exception is "founded in the well-recognized concepts of res judicata and collateral estoppel," but is "strict and narrow," requiring that "the claims or issues which the federal injunction insulates from litigation in state proceedings actually have been decided by the federal court."[94] A federal district court is permitted, but not mandated, to enjoin duplicative state court proceedings.[95]

The relitigation exception requires that the claims or issues the federal injunction seeks to insulate from litigation in state proceedings "actually have been decided by the federal court."[96] In this case, the federal action has not concluded with a final judgment on the merits on the issues presented in Great American's declaratory judgment action.

---

[92] *State of Tex. v. United States,* 837 F.2d 184, 186 n.4 (5th Cir. 1988).
[93] *Chick Kam Choo,* 486 U.S. at 147.
[94] *Id.*
[95] *Id.* at 151.
[96] *Chick Kam Choo,* 486 U.S. at 148.

Thus, this Court has not "actually decided" any action between Great American and Gray. Accordingly, the relitigation exception to the Anti-Injunction Act does not apply.

None of the three exceptions of the Anti-Injunction Act applies to Great American's declaratory judgment action against Gray. Ordinarily, under the *Jackson* rule, the analysis would end and the federal court would be required to abstain. However, in *Travelers Insurance Co. v. Louisiana Farm Bureau Federation, Inc.*, the Fifth Circuit recognized a "very small class of highly distinguishable cases" that also qualify as exceptions to the *Jackson* rule.[97] If a case falls within the *Travelers*' exception, the Court has the discretion to decide whether to hear the case or abstain by balancing the purposes of the Declaratory Judgment Act and the factors favoring abstention.[98]

In *Travelers*, the declaratory plaintiff/insurer faced potential litigation in multiple courts throughout Louisiana and Mississippi and sought a declaratory judgment in federal court to obtain a single, consistent resolution of the claims against it.[99] Further, the federal declaratory defendant had allowed her state-court suit to stall at the pleadings stage, but the parties in the federal suit had proceeded through discovery.[100] Under these circumstances, the Fifth Circuit found the declaratory judgment defendant had waived her rights to assert the priority of her state-court case, so that the case fell "outside the broad parameters of *Jackson*."[101]

The *Travelers* exception to the *Jackson* rule does not apply in this case. Unlike *Travelers*, there is not a multitude of state-court proceedings pending in multiple state-court forums. Instead, there is one consolidated state case involving all the parties. As a

---

[97] *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776–77 (5th Cir. 1993).
[98] *Scottsdale*, 1999 WL 777714, at *4.
[99] *Travelers*, 996 F.2d at 777–78.
[100] *Id.*
[101] *Id.* at 778.

result, the Court finds that the *Travelers* exception does not apply, and instead, the Court is required to abstain.[102]

The Court will abstain from deciding Great American's claim against Gray. To do otherwise would have the effect of allowing an end run around the Anti-Injunction Act.[103]

## CONCLUSION

**IT IS ORDERED** that Gray's motion to dismiss Great American's declaratory action against it is **GRANTED**.[104]

**IT IS FURTHER ORDERED** that Great American Excess & Surplus Insurance Company's declaratory judgment action against Gray Insurance Company is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.[105]

**New Orleans, Louisiana, this 12th day of July, 2017.**

*[signature: Susie Morgan]*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[102] Neither does the second exception to the *Jackson* rule, found in *Royal Insurance Co. of America v. Quinn-L Capital Corp.*, apply. In *Quinn-L*, the Fifth Circuit held that *Jackson* does not require abstention "[w]here the federal case is filed substantially prior to the state case, [] significant proceedings have taken place in the federal case," and the federal suit has neither the purpose nor the effect of overruling a previous state court ruling. 3 F.3d 877, 886 (5th Cir. 1993). In such a situation, there exists "little, if any, threat to our traditions of comity and federalism." *Id.* The Fifth Circuit declined to apply the *Jackson* rule because doing so would allow litigant to "use *Jackson* as a sword, rather than a shield, defeating federal jurisdiction merely by filing a state court action" and "[n]either *Jackson* nor the concerns underlying it mandate such a result." *Id.* The exception in *Quinn-L* does not apply in this case because there is no "previous state court ruling" at issue, and Great American's federal declaratory judgment action against Gray was filed *after* Gray's state action against Great American.

[103] Because the Court finds it is required to abstain, it need not address its discretion to exercise jurisdiction over Great American's declaratory judgment action against Gray. If the Court did apply the factors identified by the Fifth Circuit in *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir.1994), the Court would decline to exercise its discretion to hear Great American's declaratory judgment claims against Gray.

[104] R. Doc. 472.

[105] Alternatively, if the Court had subject-matter jurisdiction, the Court would abstain from hearing this declaratory judgment action.