UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HANOVER INSURANCE COMPANY,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2375 c/w**<br>        **14-1930, 14-1933,**<br>        **16-2490** |
| **SUPERIOR LABOR SERVICES, INC., ET AL.,**<br>    **Defendants** | **SECTION: "E" (3)** |

*Applies to:* **16-2490**

## ORDER AND REASONS

Before the Court is Great American Insurance Company's ("Great American") motion to alter or amend the Court's order dismissing Great American's amended complaint.[1] Allied Shipyard, Inc. ("Allied") opposes the motion.[2] Great American has filed a reply.[3] For the reasons that follow, the Court **DENIES** the motion.

### I. BACKGROUND

On March 25, 2016, Great American filed a complaint seeking declaratory relief regarding its rights and obligations with respect to Masse Contracting, Inc. ("Masse") and Allied based on claims for defense and indemnity asserted as a result of two Louisiana state court lawsuits, *Adams v. Allied Shipyards, Inc.* and *St. Pierre v. Allied Shipyard, Inc.*[4] On August 26, 2016, Great American filed an amended complaint.[5] In its amended complaint, Great American alternatively sought a declaratory judgment that it is entitled to

---

[1] R. Doc. 557.
[2] R. Doc. 558.
[3] R. Doc. 560.
[4] R. Doc. 1 at 1.
[5] R. Doc. 371.

1

contribution from Arch Insurance Company ("Arch"), United Capitol Insurance Company ("United Capitol"), Lexington Insurance Company ("Lexington"), Atlantic Insurance Company ("AIC"), State National Insurance Company ("SNIC"), Underwriters at Lloyd's, London ("Lloyd's"), Clarendon National Insurance Company ("Clarendon"), and The Gray Insurance Company ("Gray") (collectively, the "Insurers"), "[i]n the event that the Court finds that Great American has a duty to indemnify and/or defend Masse Contracting, Inc., and/or Allied Shipyard, Inc., for the whole of their damages and costs in connection with the Underlying Lawsuits."[6]

On March 30, 2017, Gray filed a motion to dismiss Great American's claims against it.[7] On July 12, 2017, the Court granted Gray's motion, holding that Great American's claims against Gray did not constitute a justiciable case or controversy, and dismissing Great American's claims against Gray for lack of subject-matter jurisdiction.[8]

Allied filed a motion to dismiss on August 18, 2017.[9] In its motion, Allied did not move the Court to dismiss Great American's claims against itself; rather, Allied sought dismissal of Great American's claims against the Insurers remaining after the dismissal of Gray (collectively, the "Remaining Insurers").[10] As Gray did in its motion, Allied argued Great American's complaint against the Remaining Insurers should be dismissed for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because there existed no justiciable case or controversy between Great American and the Remaining Insurers.[11]

---

[6] *Id.* at 10.
[7] R. Doc. 472.
[8] R. Doc. 512 at 12–13.
[9] R. Doc. 539.
[10] *Id.*
[11] *Id.* at 6.

On March 13, 2018, the Court struck Allied's motion, but nevertheless dismissed Great American's complaint pursuant to Federal Rule of Civil Procedure 19(b).[12] The Court concluded that the parties to the suit needed to be realigned based on the principal purpose of Great American's complaint and that Gray was an indispensable party to the suit. Because, however, including Gray as a party to the suit would destroy the Court's diversity jurisdiction, the Court dismissed Great American's complaint without prejudice.[13]

Great American now moves the Court to reconsider this order pursuant to Federal Rule of Civil Procedure 59(e).[14] Great American argues that although "the Court correctly identified the 'principal purpose' of Great American's complaint and correctly held that Gray is an indispensable party under Rule 19, the Court did not account for the undeniable fact that Gray is indisputably and squarely opposed to the 'remaining insurers' and to Great American with regard to the primary issue or 'principal purpose' of the suit."[15]

## II. LAW AND ANALYSIS

A motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[16] A motion for reconsideration, however, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[17] "The Court is

---

[12] R. Doc. 556.
[13] *Id.* at 16.
[14] R. Doc. 557-1 at 1.
[15] *Id.*
[16] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted) (internal quotation marks omitted).
[17] *Lacoste v. Pilgrim Int'l*, No. 07-2904, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).

3

mindful that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'"[18] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[19]

In deciding motions under the Rule 59(e) standards, the courts in this district have considered the following factors:

(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;
(2) whether the movant presents new evidence;
(3) whether the motion is necessary in order to prevent manifest injustice; and
(4) whether the motion is justified by an intervening change in the controlling law.[20]

In this case, Great American argues the Court should alter its prior order based on the first factor, that the order is based on a manifest error of law.[21] According to Great American, although Gray is an indispensable party to this case, it must remain aligned as a Defendant, thereby restoring this Court's diversity subject matter jurisdiction.[22] However, as Allied points out it its opposition to Great American's motion, Great American makes this argument without providing any support. Moreover, Gray, like Great American, challenges its obligations to Allied. Thus, the Court correctly aligned Gray as a Plaintiff.[23]

Accordingly;

---

[18] *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (alteration in original) (quoting *Templet,* 367 F.3d at 479).
[19] *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, at *3 (E.D. La. Mar. 5, 2012).
[20] *Castrillo*, 2010 WL 1424398, at *4. The Court notes that the time limits of Rule 59 do not apply in this matter because the order appealed is interlocutory. Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.*, 33 F. App'x 704 (5th Cir. 2002); *Lightfoot*, 2012 WL 711842, at *2.
[21] R. Doc. 557-1 at 1.
[22] *Id.*
[23] *See U.S. Fidelity & Guaranty & Co. v. Thomas Solvent Co.*, 955 F.2d 1085 (6th Cir. 1992).

## CONCLUSION

**IT IS ORDERED** that Great American's motion to reconsider is hereby **DENIED**.

**New Orleans, Louisiana, this 1st day of May, 2018.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**